IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | |
| ANDRIA MAYBERRY; MYA KAY | ) | |
| DOUGLAS; and THE TMG FIRM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because he is proceeding IFP, Plaintiff's second amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE SECOND AMENDED COMPLAINT

### A. BACKGROUND

Plaintiff names as Defendants (1) Andria Mayberry; (2) Mya Kay Douglas; and (3) The TMG Firm, LLC ("TMG"). (Doc. no. 12, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In April 2017 Defendant TMG published a book titled "Before Empire: Raising

Bryshere 'Yazz The Greatest' Gray." (Id. at 13.) Defendant Mayberry is quoted in the book as stating facts about Plaintiff she knew were false. (Id.) Also, she disclosed private facts about Plaintiff. (Id.) Defendant Douglas, the author, quoted the statement of Defendant Mayberry with knowledge of falsity and a specific intent to harm Plaintiff. (Id.) Defendant TMG failed to investigate the defamatory speech for truthfulness, failed to supervise Defendants Mayberry and Douglas, and are liable for the actions of Defendants Mayberry and Douglas based on the respondeat superior doctrine. (Id.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative

2

level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Federal Subject Matter Jurisdiction

Because a "federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). In order to invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182 (1936).

3

To have jurisdiction over a case, a district court must have at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The party asserting jurisdiction has the burden of establishing their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Here, Plaintiff fails to allege a basis for federal subject matter jurisdiction. Plaintiff merely alleges state law claims for defamation, and there is no basis for federal question jurisdiction. 28 U.S.C. § 1331. Further, Plaintiff has failed to allege any facts sufficient to establish federal diversity jurisdiction as he has not specified the states where Defendants Mayberry and Douglas are residents. 28 U.S.C. § 1332(a). The Court gave Plaintiff two opportunities to correct this problem, and he has not done so. (See doc. nos. 9, 11.) Although Plaintiff does amend his prior pleadings by alleging he was a resident of Georgia prior to being incarcerated, (doc. no. 12, p. 14), complete diversity cannot be properly alleged without specifying the residency of citizenship of Defendants Mayberry and Douglas. Because Plaintiff has failed to plead any facts demonstrating he is entitled to invoke the jurisdiction of the federal courts, his complaint is subject to dismissal.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's

second amended complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of November, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA