IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | |
| ANDRIA MAYBERRY; MYA KAY | ) | |
| DOUGLAS; and THE TMG FIRM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because he is proceeding IFP, Plaintiff's second amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.    SCREENING OF THE SECOND AMENDED COMPLAINT

### A.    BACKGROUND

Plaintiff names as Defendants (1) Andria Mayberry; (2) Mya Kay Douglas; and (3) The TMG Firm, LLC ("TMG"). (Doc. no. 12, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In 2016, Defendant TMG "published and edited copyrights" for Defendants Mayberry

and Douglas. (Id. at 13.) In April 2017, Defendant TMG printed a book titled "Before Empire: Raising Bryshere 'Yazz The Greatest' Gray." (Id.) Defendant Mayberry is quoted in the book as stating facts about Plaintiff she knew were false, and she disclosed private facts about Plaintiff. (Id.) Defendant Douglas, the author, quoted the statements of Defendant Mayberry with knowledge of their falsity and with a specific intent to harm Plaintiff. (Id.) Defendant TMG failed to investigate the defamatory speech for truthfulness, failed to supervise Defendants Mayberry and Douglas, and are liable for the actions of Defendants Mayberry and Douglas based on the respondeat superior doctrine. (Id.)

### B.　　DISCUSSION

#### 1.　　Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State Claims Against Defendants Mayberry and Douglas for Defamation, Libel, Invasion of Privacy, and Negligence

Plaintiff alleges Defendants Mayberry and Douglas defamed and libeled him by disclosing private facts in the book that are false, malicious, and defamatory. (Doc. no. 12, p. 13.) "Under Georgia law, three elements must be proved to establish defamation: (1) a false statement that was (2) malicious, and (3) published." Boyd v. Experian Info. Sols., Inc., 692 F. App'x 980, 983 (11th Cir. 2017) (citing O.C.G.A. § 51-5-1(a)). Libel is defamation by written statement. O.C.G.A. § 51-5-1(a). Plaintiff's second amended complaint merely recites the elements of defamation and libel without providing any factual basis to satisfy the

3

elements and show why he is entitled to relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). Indeed, Plaintiff fails to specify the statement made or explain why it is false. Thus, Plaintiff fails to state a claim for defamation and libel.

As to Plaintiff's claims against Defendant Mayberry for invasion of privacy and negligence, he alleges she disclosed "private facts" concerning Plaintiff in the book. (Doc. no. 12, p. 13.) The essential elements of a negligence claim are the existence of a legal duty, breach of that duty, a causal connection between the defendant's conduct and the plaintiff's injury, and damages. Wilson v. Mallard Creek Holdings, 519 S.E.2d 925, 926 (1999). Plaintiff does not allege any specific facts to support a finding of negligence and thus fails to state a claim.

Under Georgia law, invasion of privacy is a broad category encompassing four types of claims: "(1) [i]ntrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; [and] (4) appropriation for the defendant's advantage, of the plaintiff's name or likeness." Yarbray v. S. Bell Tel. & Tel. Co., 409 S.E.2d 835, 836 (Ga. 1991) (citations omitted). Plaintiff's claim, although not specified in the complaint, is likely best characterized as invasion of privacy based on public disclosure of embarrassing facts. See id.

To state a claim for public disclosure of embarrassing facts, "'(1) the disclosure of private facts must be a public disclosure; (2) the facts disclosed to the public must be private, secluded or secret facts and not public ones; [and] (3) the matter made public must be offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances.'" McConnell v. Dep't of Labor, 814 S.E.2d 790, 801 (Ga. Ct. App. 2018)

(quoting Cabaniss v. Hipsley, 151 S.E.2d 496, 501 (Ga. Ct. App. 1966)). Plaintiff fails to state a claim because he merely states there was disclosure of private facts without specifying the facts and explaining why they are private and why publication was offensive and objectionable. (Doc. no. 12, p. 13.)

### 3. Plaintiff Fails to State a Claim Against TMG Under a Respondeat Superior Theory and for Negligent Publication of Defamation

Plaintiff alleges Defendant TMG is responsible for the actions of Defendants Mayberry and Douglas because Defendant TMG published and edited the book. (Id.) To be liable under a respondeat superior theory, the libelous statement must be made by an employee while acting within the scope of his or her employment. Garren v. Southland Corp., 228 S.E.2d 870, 871-72 (Ga. 1976). Plaintiff has not alleged any facts showing Defendants Mayberry or Douglas were ever employed by TMG. Additionally, he has not sufficiently pled the underlying tort of libel for the reasons stated *supra*. See Cotton States Mut. Ins. Co. v. Kinzalow, 634 S.E.2d 172, 174 (Ga. Ct. App. 2006) ("In order to succeed in a claim of respondeat superior against an employer, one must first prove the existence of an underlying tort.")). Thus, Plaintiff cannot hold Defendant TMG liable under a respondeat superior theory.

Plaintiff's claim for failure to supervise and verify is better characterized as a claim for defamation against a publisher. Smith v. Stewart, 660 S.E.2d 822, 832 (Ga. Ct. App. 2008) (discussing primary publishers and secondary publishers' liability for publishing defamatory information). Since Plaintiff is a private individual, the elements are: "'(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special

5

harm or the actionability of the statement irrespective of special harm.'" Id. at 828 (quoting Mathis v. Cannon, 573 S.E.2d 376, 380 (Ga. 2002)). Plaintiff fails to state a claim because his generalized allegations do not specify facts to show the nature of the alleged statements, their falsity, and why Defendant TMG knew or should have known the truth.

### 4. Plaintiff Fails to State a Claim Against All Defendants for Intentional Infliction of Emotional Distress

Plaintiff alleges all three Defendants caused him intentional infliction of emotional distress by publishing the book. (Doc. no. 12, p. 13.) To state a claim for intentional infliction of emotional distress Plaintiff must show: (1) the conduct was intentional or reckless; (2) the conduct was extreme or outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress; and (4) the resulting emotional distress is severe. Thornton v. Jackson, 998 F. Supp. 2d 1365, 1382 (N.D. Ga. 2014); Northside Hosp., Inc. v. Ruotanen, 541 S.E.2d 66, 68–69 (Ga. Ct. App. 2000). To be considered extreme and outrageous, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Edmundson v. City of Atlanta, No. 1:16-CV-04639-LMM, 2017 WL 4456892, at *7 (N.D. Ga. June 21, 2017) (quoting Thornton, 998 F. Supp. 2d at 1382). "[S]imply stating that the accusation was outrageous does not, in itself, make the statement outrageous." Id. Likewise, severe emotional distress is not properly plead by merely stating the emotional distress was severe. Id.

Plaintiff's allegations are wholly conclusory and merely restate the elements of intentional infliction of emotional distress. He does not describe the conduct, explain the

6

causal connection, or describe the resulting emotional distress. Thus, Plaintiff fails to state a claim for intentional infliction of emotional distress.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's second amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of December, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA