IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

RONALD B. GRAY,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )          CV 318-045
                                         )
ANDRIA MAYBERRY; MYA KAY                 )
DOUGLAS; and THE TMG FIRM, LLC,          )
                                         )
            Defendants.                  )
                          _____

# O R D E R
                          _____

On December 17, 2018, the Court issued a Report and Recommendation ("R&R")

recommending dismissal of Plaintiff's second amended complaint for failure to state a claim.

(Doc. no. 17.)   On January 9, 2019, Plaintiff objected to the Magistrate Judge's R&R,

arguing he did not have enough time or space on the form complaint to fully allege all of his

claims.  (Doc. no. 1, p. 1.)  Plaintiff provided a "Statement of Claim" alleging new facts not

included in his second amended complaint.  (Id. at 2-6.)

Mindful Plaintiff is proceeding *pro se*, the Court construes Plaintiff's objection as a

motion for leave to amend his second amended complaint.  (Doc. no. 19, pp. 2-6); Rosa v.

Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*) (quoting Bryant

v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (punctuation omitted).  Since Plaintiff's

first two amended complaints were prompted by Court Order and no Defendant has been

served or filed an answer, Plaintiff may file an amended complaint once as a matter of

course.   See Renasant Bank, Inc. v. Smithgall, 2016 WL 164311, at 2* (N.D. Ga. Jan. 13,

2016) (holding court orders to amend do not qualify as amendment as matter of course). Thus, pursuant to Rule 15(a), the Court **GRANTS** Plaintiff's motion for leave to file a third amended complaint.

However, the Court warns Plaintiff he may not submit piecemeal amendments in separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Accordingly, the Court **ORDERS** Plaintiff to amend his second amended complaint to include all of his claims in one document, within fourteen days of the date of this Order.[1] Plaintiff must use the standard form provided along with this Order, with **no more than six handwritten pages attached**. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming dismissal of case where plaintiff failed to heed pleading instructions from court to re-draft complaint to make more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages). Plaintiff should be able to comply with the page limitation because the "Statement of Claim" he submitted is only five pages.

If Plaintiff wishes to pursue this case, he **MUST** file a third amended complaint (hereinafter referred to as "amended complaint"), which **MUST** be filed in accordance with the instructions above and as follows. The amended complaint must be printed legibly so the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in

---

[1]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.  While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.  For example, Plaintiff should not simply state, "See attached documents."  Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit.  The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint, or his objection, shall be incorporated into his amended complaint by reference.  Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.

Upon submission of Plaintiff's amended complaint, the Court will screen the amended complaint to determine which, if any, claims are viable and if any Defendant should be served with a copy of the amended complaint.  If Plaintiff fails to file an amended

complaint as instructed in this Order, the Court will presume that he does not wish to amend his original pleadings, and the Court's R&R dated December 17, 2018, will be submitted to the presiding District Judge for consideration based on the allegations set forth in Plaintiff's second amended complaint.

SO ORDERED this 11th day of January, 2019, at Augusta, Georgia.


BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA