IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | |
| ANDRIA MAYBERRY; MYA KAY | ) | |
| DOUGLAS; and THE TMG FIRM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP"). On December 17, 2018, the Court issued a Report and Recommendation ("R&R") recommending dismissal of Plaintiff's complaint for failure to state a claim. (Doc. no. 17.) On January 9, 2019, Plaintiff objected to the Court's R&R and alleged new facts not included in his second amended complaint. (Doc. no. 19.) The Court construed Plaintiff's objections to include a motion for leave to file a third amended complaint, which the Court granted. (Doc. no. 20.) On January 28, 2019, Plaintiff filed his third amended complaint. (Doc. no. 21.) The Court vacates its December 17th R&R in a simultaneously filed order. Plaintiff's third amended complaint is before the Court for screening. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE THIRD AMENDED COMPLAINT

### A. BACKGROUND

Plaintiff names as Defendants (1) Andria Mayberry; (2) Mya Kay Douglas; and (3) The TMG Firm, LLC ("TMG"). (Doc. no. 21-1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Defendant Mayberry disclosed private facts to the public in the book titled "Before Empire: Raising Bryshere 'Yazz The Greatest' Gray." (Id. at 2.) Defendant Mayberry's disclosure of information in the book amounted to defamation, intentional infliction of emotion distress, invasion of privacy, and negligence. (Id.) Defendant Mayberry is quoted in the book as stating facts about Plaintiff she knew were false, defamatory, and malicious. (Id.) Specifically, in the book, she stated

> [h]e brutally assaulted me while I was at his grandmother's house while laying on his bed (my face was disfigured and my front tooth was missing). I was seven months pregnant carrying his son Bryshere during the assault. The assault induced my labor. His mother and grandmother heard me scream for help, but they were unable to get the door unlocked. He assaulted me again after I delivered our son by kicking and punching me because I did not want to co-parent with him. His family said that he is diagnosed with schizophrenia.

(Id.) This incident allegedly occurred in 1995, Defendant Mayberry provided her statement sometime in 2016, and the book was published in April of 2017. (Id. at 2-3.) Ms. Mayberry is the only person who knew and provided this false, defamatory, and malicious information. (Id.)

There is no medical evidence to support her allegations, and no one from Plaintiff's family knew of this information until the book was published. (Id. 2-3.) Defendant Mayberry's statements defame Plaintiff's mother and grandmother, both of whom are

2

deceased. (Id. at 3.) Plaintiff's mother and grandmother cared for Defendant Mayberry during and after she was pregnant with Plaintiff's son. (Id.)

As a result of Defendant Mayberry's false and outrageous statements about Plaintiff in the book, Plaintiff suffered severe distress from media attention when the book was published and marketed through social media outlets, websites, and television programs like "The View" and "The Real." (Id.) The release of the information through the media is public disclosure of embarrassing facts. (Id.) The book describes raising Plaintiff's son, who was a star on the Fox television show "Empire." (Id.)

Because of the published lies about him, Plaintiff has lost his relationship with his son, siblings, and associates. (Id.) Plaintiff is ridiculed and harassed in prison by inmates. (Id.) The statements tarnished his reputation, causing him to eventually have trouble finding a job and social life. (Id.) Further, he is characterized and surrounded by negative publicity, which places him in a false light and requires counseling sessions. (Id.)

Defendant Mya Kay Douglas is the co-author of the book. (Id. at 4.) She purposely and intentionally quoted the statements of Defendant Mayberry with knowledge the statements were not true. (Id.) She had the specific intent to cause harm to Plaintiff in quoting the statements. (Id.) She is liable for libel and defamation, and her acts took place in 2016 causing the book to be printed in April 2017. (Id.)

On April 2017, Defendant TMG published the Book. (Id.) Defendant TMG failed to supervise and verify the statements of Defendants Mayberry and Douglas, and it failed to investigate the defamatory speech for truthfulness by researching medical records and police reports. (Id.) Defendant TMG is also liable for the actions of Defendants Mayberry and Douglas based on the respondeat superior doctrine. (Id.)

B.  **DISCUSSION**

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must

provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants under 42 U.S.C. § 1983 Because Defendants Are Not State Actors

Plaintiff fails to state a viable § 1983 claim against Defendants because they are not state actors. To establish a § 1983 claim, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Consequently, "'the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)). However, a private actor may qualify as a "state actor" for purposes of § 1983 if one of three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]'

5

('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

Nothing in Plaintiff's complaint establishes any Defendant was working under color of state law. There is no allegation, let alone the slightest indication, of state activity in the events alleged by Plaintiff. Thus, Defendants' conduct is clearly private action committed by private actors.

> **3. Plaintiff Fails to State Claims Against All Defendants for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress**

Plaintiff alleges all three Defendants caused him intentional infliction of emotional distress by publishing the book. (Doc. no. 21-1, pp. 2-4.) To state a claim for intentional infliction of emotional distress Plaintiff must show: (1) the conduct was intentional or reckless; (2) the conduct was extreme or outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress; and (4) the resulting emotional distress is severe. Thornton v. Jackson, 998 F. Supp. 2d 1365, 1382 (N.D. Ga. 2014); Northside Hosp., Inc. v. Ruotanen, 541 S.E.2d 66, 68–69 (Ga. Ct. App. 2000). To recover, the extreme or outrageous conduct must be directed towards the distressed party, or otherwise, the claim would be for defamation. See Carter v. Willowrun Condo. Ass'n, Inc., 345 S.E.2d 924, 926-27 (Ga. Ct. App. 1986) (finding no intentional infliction of emotional distress claim for renter where letter directed to lessor was about renters but not sent to them).

"Defamatory remarks made to others or to the public in general are classic examples of conduct that, though harmful to the plaintiff, was directed toward the hearer of the statements, not to the plaintiff, and thus is not actionable as intentional infliction of

6

emotional distress." Lively v. McDaniel, 522 S.E.2d 711, 713-14 (1999). Plaintiff clearly alleges the statements were written in a book to tell the public a story about raising Plaintiff's son. (Doc. no. 21-1, p. 3.) Nothing in Plaintiff's allegations indicate the book was directed to him. Thus, Plaintiff fails to state a claim for intentional infliction of emotional distress.

Plaintiff also alleges generally Defendants commited negligent infliction of emotional distress. (Id. at 1.) "In the absence of pecuniary loss, three elements are necessary to prevail on a claim for negligent infliction of emotional distress: '(1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress.'" Reid v. Waste Indust. USA, Inc., 812 S.E.2d 582, 590 (Ga. Ct. App. 2018) (quoting Coon v. Med. Ctr., Inc., 797 S.E.2d 828, 836 n.8 (Ga. 2017). Here, Plaintiff does not allege any physical impact ever occurred, let alone one causing him mental suffering or emotional distress. Instead, he alleges the statements published in the book caused his mental suffering and emotional distress. (Doc. no. 21-1, pp. 2-4.) Therefore, Plaintiff fails to state a claim for negligent infliction of emotional distress.

### 4. Plaintiff Fails to State Claims Against All Defendants for Slander and Harassment

Plaintiff alleges generally Defendants slandered him. (Id. at 1.) Under Georgia law, "[t]o be actionable as slander, an oral communication must be both false and malicious. Fink v. Dodd, 649 S.E.2d 359, 367 (Ga. Ct. App. 2007) (citing Williams v. Trust Co., 230 S.E.2d 45, 47 (Ga. Ct. App. 1976)); see also O.C.G.A. § 51-5-4; Garren v. Southland Corp., 221 S.E.2d 571, 573 (Ga. 1976) ("Thus[,] it is the writing of the defamatory words that distinguishes libel from slander.") Plaintiff alleges it was the statement written in the book

7

that constitute the defamatory words. (Doc. no. 21-1, p. 2-4.) Therefore, Plaintiff fails to state a claim for slander against Defendants because the complained of statements were written.

To the extent Plaintiff is alleging harassment as an independent cause of action as opposed to a part of his defamation claim, he fails to state a claim against Defendants. Plaintiff alleges generally Defendants harassed him. (Id. at 1.) He does not allege any statutory or common law basis for this cause of action, let alone facts supporting his claim. Such conclusory statements devoid of any factual enhancement are insufficient, and thus, Plaintiff's fails to state a claim for harassment. Iqbal, 556 U.S. at 678.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS DISMISSAL** of Plaintiff's § 1983 claim, and his claims for intentional infliction of emotional distress, negligent infliction of emotional distress, slander, and harassment. In a companion Order, the Court has allowed to proceed Plaintiff's claims against Defendants for negligence, defamation by libel, and invasion of privacy by public disclosure of embarrassing facts under Georgia law.

SO REPORTED and RECOMMENDED this 5th day of February, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA