IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | |
| ANDRIA MAYBERRY; MYA KAY | ) | |
| DOUGLAS; and THE TMG FIRM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP"). On December 17, 2018, the Court issued a Report and Recommendation ("R&R") recommending dismissal of Plaintiff's complaint for failure to state a claim. (Doc. no. 17.) On January 9, 2019, Plaintiff objected to the Court's R&R and alleged new facts not included in his second amended complaint. (Doc. no. 19.) The Court construed Plaintiff's objections to include a motion for leave to file a third amended complaint, which the Court granted. (Doc. no. 20.) On January 28, 2019, Plaintiff filed his third amended complaint. (Doc. no. 21.) The Court vacates its December 17th R&R in a simultaneously filed order. Plaintiff's third amended complaint is before the Court for screening. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I. SCREENING OF THE THIRD AMENDED COMPLAINT**

Plaintiff names as Defendants (1) Andria Mayberry; (2) Mya Kay Douglas; and (3) The TMG Firm, LLC ("TMG"). (Doc. no. 21-1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Defendant Mayberry disclosed private facts to the public in the book titled "Before Empire: Raising Bryshere 'Yazz The Greatest' Gray." (Id. at 2.) Defendant Mayberry's disclosure of information in the book amounted to defamation, intentional infliction of emotion distress, invasion of privacy, and negligence. (Id.) Defendant Mayberry is quoted in the book as stating facts about Plaintiff she knew were false, defamatory, and malicious. (Id.) Specifically, in the book, she stated

> [h]e brutally assaulted me while I was at his grandmother's house while laying on his bed (my face was disfigured and my front tooth was missing). I was seven months pregnant carrying his son Bryshere during the assault. The assault induced my labor. His mother and grandmother heard me scream for help, but they were unable to get the door unlocked. He assaulted me again after I delivered our son by kicking and punching me because I did not want to co-parent with him. His family said that he is diagnosed with schizophrenia.

(Id.) This incident allegedly occurred in 1995, Defendant Mayberry provided her statement sometime in 2016, and the book was published in April of 2017. (Id. at 2-3.) Ms. Mayberry is the only person who knew and provided this false, defamatory, and malicious information. (Id.)

There is no medical evidence to support her allegations, and no one from Plaintiff's family knew of this information until the book was published. (Id. 2-3.) Defendant Mayberry's statements defame Plaintiff's mother and grandmother, both of whom are deceased. (Id. at 3.) Plaintiff's mother and grandmother cared for Defendant Mayberry

2

during and after she was pregnant with Plaintiff's son. (Id.)

As a result of Defendant Mayberry's false and outrageous statements about Plaintiff in the book, Plaintiff suffered severe distress from media attention when the book was published and marketed through social media outlets, websites, and television programs like "The View" and "The Real." (Id.) The release of the information through the media is public disclosure of embarrassing facts. (Id.) The book describes raising Plaintiff's son, who was a star on the Fox television show "Empire." (Id.)

Because of the published lies about him, Plaintiff has lost his relationship with his son, siblings, and associates. (Id.) Plaintiff is ridiculed and harassed in prison by inmates. (Id.) The statements tarnished his reputation, causing him to eventually have trouble finding a job and social life. (Id.) Further, he is characterized and surrounded by negative publicity, which places him in a false light and requires counseling sessions. (Id.)

Defendant Mya Kay Douglas is the co-author of the book. (Id. at 4.) She purposely and intentionally quoted the statements of Defendant Mayberry with knowledge the statements were not true. (Id.) She had the specific intent to cause harm to Plaintiff in quoting the statements. (Id.) She is liable for libel and defamation, and her acts took place in 2016 causing the book to be printed in April 2017. (Id.)

On April 2017, Defendant TMG published the Book. (Id.) Defendant TMG failed to supervise and verify the statements of Defendants Mayberry and Douglas, and it failed to investigate the defamatory speech for truthfulness by researching medical records and police reports. (Id.) Defendant TMG is also liable for the actions of Defendants Mayberry and Douglas based on the respondeat superior doctrine. (Id.)

3

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has *arguably* stated claims for negligence and defamation by libel under Georgia law against Defendants for their respective roles in the publication of statements concerning Plaintiff in "Before Empire: Raising Bryshere 'Yazz The Greatest' Gray." See O.C.G.A. § 51-5-1; Smith v. Stewart, 660 S.E.2d 822, 832 (Ga. Ct. App. 2008) (discussing defamation by libel and primary publishers and secondary publishers' liability for publishing defamatory information); Lewis v. Meredith Corp., 667 S.E.2d 716, 749 (Ga. Ct. App. 2008) (holding independent negligence claim was tied to defamation claim).

Additionally, Plaintiff has *arguably* stated a claim for invasion of privacy by public disclosure of embarrassing facts under Georgia law against Defendants for the publication of the statements concerning Plaintiff in "Before Empire: Raising Bryshere 'Yazz The Greatest' Gray." See Yarbray v. S. Bell Tel. & Tel. Co., 409 S.E.2d 835, 836 (Ga. 1991) (describing broad categories of invasion of privacy claims under Georgia law); McConnell v. Dep't of Labor, 814 S.E.2d 790, 801 (Ga. Ct. App. 2018) (discussing elements of public disclosure of embarrassing facts tort under Georgia law). Accordingly, process shall issue as to all Defendants. In a companion Report and Recommendation, the Court recommends dismissal of Plaintiff's § 1983 claim, and his claims for intentional infliction of emotional distress, negligent infliction of emotional distress, slander, and harassment.

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants. The United States Marshal shall mail a copy of the third amended complaint, (doc. no. 21), and this Order by first-class mail and request that the defendants waive formal service of the

summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendant to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or upon their defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by Defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including

dismissal of this case. Defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary

judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 5th day of February, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA