IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | |
| ANDRIA MAYBERRY; MYA KAY | ) | |
| DOUGLAS; and THE TMG FIRM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

## I. PERSONAL SERVICE OF DEFENDANTS

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff is proceeding IFP, he is entitled to rely on court officials to effect service. See 28 U.S.C. § 1915(d).

On February 5, 2019, the Court directed the United States Marshals Service to effect service of process on Defendants. (Doc. no. 25.) In accordance with the Court's Order directing service, the Marshals Service mailed a copy of the third amended complaint and the February 5th Order by certified mail to Defendants Mayberry, Douglas, and The TMG Firm, LLC ("TMG") on March 1, 2019. (Doc. nos. 29-31.)

On March 5, 2019, an agent of TMG, E. Gardner, signed the certified mail sent to TMG, and on May 1, 2019, the certified mail was filed. (Doc. no. 29.) Defendants Mayberry and Douglas have not signed for the certified mail sent to them, which gave each of them thirty days to return the waiver of service form. (Doc. nos. 30-31.) To date, no

Defendant has returned the executed waiver of service forms or filed an answer. Therefore, personal service of process shall issue as to Defendants.

The Court **DIRECTS** the U.S. Marshals Service to use reasonable efforts to effect personal service of process on Defendants within sixty days of the date of this Order. Because the service deadline is fast approaching, the Court **EXTENDS** the deadline for service to sixty days from the date of this Order. Service shall be effected in accordance with the Court's February 5th Order, except the Marshals Service shall not request that Defendants waive formal service of the summons but shall serve Defendants with a summons and the third amended complaint notifying them of the lawsuit and giving them a time period in which to answer. The Marshals Service shall serve on Defendants a summons, a copy of the third amended complaint, (doc. no. 21), the Court's February 5th Order, (doc. no. 25), and a copy of this Order. The Marshals Service is **FURTHER DIRECTED** to notify the Court within sixty days of the date of this Order whether Defendants have been located and served.

Furthermore, individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with a request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Thus, as Defendants have failed to waive service, they may be subject to court-imposed expenses pursuant to Fed. R. Civ. P. 4(d)(2)(A) and (B).

## II. PLAINTIFF'S MOTION TO GRANT THE THIRD AMENDED COMPLAINT

On April 30, 2019, Plaintiff filed a motion requesting the Court "grant the third amended complaint" because Defendants did not file any objections to the Court's February 5th Report and Recommendation ("R&R") or answer Plaintiff's third amended complaint. (Doc. no. 28.) From Plaintiff's motion, it is unclear what relief Plaintiff seeks. To the extent he is requesting the presiding District Judge to adopt the Court's R&R, Plaintiff's motion is moot. On March 5, 2016, United States District Judge Dudley H. Bowen, Jr., adopted the Court's R&R, dismissing some of Plaintiff's claims and allowing to proceed the remaining claims. (Doc. no. 26.) To the extent Plaintiff is requesting the Clerk enter a default against Defendants, the U.S. Marshals Service has not yet served the complaint on Defendants and they are not in default. Accordingly, the Court **DENIES AS MOOT** Plaintiff's motion.

SO ORDERED this 6th day of May, 2019, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA