IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | |
| ANDRIA MAYBERRY; MYA KAY | ) | |
| DOUGLAS; and THE TMG FIRM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP").

**I.     BACKGROUND**

On February 5, 2019, the Court directed the United States Marshals Service to effect service of process on Defendants. (Doc. no. 25.) In accordance with the Court's Order directing service, the Marshals Service mailed a copy of the Third Amended Complaint and the February 5th Order by certified mail to Defendants Mayberry, Douglas, and The TMG Firm, LLC ("TMG") on March 1, 2019. (Doc. nos. 29-31.) On March 5, 2019, an agent of TMG, E. Gardner, signed the certified mail sent to TMG, and on May 1, 2019, the certified mail was filed. (Doc. no. 29.) Defendant TMG's waiver of service was signed on April 2, 2019, by L.P. Parker and filed with the Court on May 10, 2019. (Doc. no. 34.) Thus,

Defendant TMG had until April 30, 2019, to answer, move, or otherwise plead to Plaintiff's Third Amended Complaint, but, to date, nothing has been filed.

Defendants Mayberry and Douglas did not sign for the certified mail sent to them, which gave each of them thirty days to return the waiver of service form. (Doc. nos. 30-31.) Thus, on May 6, 2019, the Court directed the Marshals Service to personally serve Defendants Mayberry and Douglas and extended the service period through July 5, 2019. (Doc. no. 32.) On July 3, 2019, the Marshals Service filed the return of service forms for Defendant Mayberry as executed and Defendant Douglas as unexecuted. (Doc. nos. 36, 37.)

## II. DEFENDANT TMG

Because Defendant TMG has not filed a response within the timeline established by Rule 12(a)(1)(A)(ii), Defendant TMG is in default pursuant to Rule 55(a). Therefore, the Court **DIRECTS** the **CLERK** to enter default against Defendant TMG and serve a copy of this Order on Defendant TMG by mail at The TMG Firm, LLC, 112 W. 34th Street, 17th and 18th Floors, New York, New York, 10120-2400, and by email at assistance@thetmgfirm.com. (See Codigo Music, LLC v. Televisa, S.A., de C.V., Case No. 15-21737-CIV-WILLIAMS, 2015 WL 13754256, at *1 (S.D. Fla. August 3, 2015) ("The Court may *sua sponte* direct the Clerk to enter a default as part of the Court's inherent power to manage its docket, particularly when . . . the parties have not provided the Court with any grounds for their failure to prosecute or timely comply with the Federal Rules."); Allstate Property and Casualty Insurance Company v. Haslup, NO. 2:10-CV-0191-WCO, 2012 WL 12953465, at *6-7 (N.D. Ga. Jan. 12, 2012) (holding defendant in default *sua sponte* as inherent power of the court).

**III.     DEFENDANT MAYBERRY**

As to Defendant Mayberry, the Marshals Service originally mailed a copy of the Third Amended Complaint and the February 5th Order by certified mail to Philadelphia, Pennsylvania, but the mail was returned undeliverable. (Doc. no. 31.) Upon the Court's May 6th Order directing personal service, the Marshals Service obtained a new address for Defendant Mayberry in Edgewater, New Jersey. (Doc. no. 37, p. 2.) The Marshals Service met her boyfriend, David Kenny, and he signed the service acknowledgment form. (Id. at 1.) The Marshals Service noted on the form Mr. Kenny's statement Defendant Mayberry did not live at that address, she resided in Philadelphia, Pennsylvania, and he would pass it along to her. (Id.) If this note is correct, service was not proper because Federal Rule of Civil Procedure 4(e)(2)(B) requires delivery of the summons and complaint "at [her] dwelling or usual place of abode with someone of suitable age and discretion who resides there."

In Richardson v. Johnson, 598 F.3d 734 (11th Cir. 2010), the Eleventh Circuit addressed the propriety of dismissing a defendant in a § 1983 action brought by a *pro se* prisoner proceeding IFP, where the defendant had been dismissed for failing to timely serve the defendant. In Richardson, a prison guard defendant could not be served at the prison because he no longer worked there. Richardson, 598 F.3d at 739-40. In addressing the prisoner-plaintiff's challenge to the dismissal of this defendant, the Eleventh Circuit ruled that "[i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of . . . defendants who no longer work at the prison." Id. The Eleventh Circuit went on to conclude that as long as an incarcerated plaintiff provides

3

enough information to identify a defendant,[1] the Marshal must use "reasonable effort" to locate that defendant and effect service of process before the defendant can be dismissed. Id. at 740.

Here, Plaintiff provided the full name of Defendant Mayberry, as well as the address of 1118 Atwood Road, Philadelphia, Pennsylvania, 16151. (Doc. no. 21, p. 2.) Although the Court understands the certified mail was returned as undeliverable to that address, it does not appear from the return of service forms the Marshals Service ever attempted to personally serve Defendant Mayberry at the Philadelphia, Pennsylvania address despite learning she actually resided in Philadelphia, Pennsylvania.

Therefore, pursuant to Richardson and because service on David Kenny as to Defendant Mayberry was improper, the Court **DIRECTS** the United States Marshal to use reasonable efforts to locate and effect personal service of process on Defendant Mayberry at 1118 Atwood Road, Philadelphia, Pennsylvania, 16151, within sixty days of the date of this Order. Because the service deadline has expired, the Court *nunc pro tunc* **EXTENDS** the deadline for service as to Defendant Mayberry to sixty days from the date of this Order. See Fed R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); Richardson, 598 F.3d at 739-40 ("[P]risoner-litigants who provide enough information to identify the . . . defendant have established good cause for Rule 4(m) purposes.") Service shall be effected in accordance

---

[1] The Eleventh Circuit quoted with approval language from a Seventh Circuit case that stated, "[T]he prisoner need furnish no more than the information necessary to identify the defendant." Richardson, 598 F.3d at 739 (citing Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990).

with the Court's February 5th Order, except the Marshals Service shall not request that Defendant Mayberry waive formal service of the summons but shall personally serve Defendant Mayberry with a summons, a copy of the Third Amended Complaint, (doc. no. 21), the Court's February 5th Order, (doc. no. 25), and a copy of this Order. The Marshals Service is **FURTHER DIRECTED** to notify the Court within sixty days of the date of this Order whether Defendant Mayberry has been located and served.

## IV. DEFENDANT DOUGLAS

After the certified mail sent to Defendant Douglas at Elkis Park, Pennsylvania, the address provided by Plaintiff, was returned as unclaimed, the Marshals Service obtained two additional addresses for Defendant Douglas in Philadelphia, Pennsylvania and Los Angeles California. (Doc. nos. 30, 36.) However, the Marshals Service learned Defendant Douglas did not reside at the Philadelphia, Pennsylvania address because Defendant Douglas's sister-in-law spoke with the Marshals Service and stated Defendant Douglas resides in Los Angeles, California. (Id.) The Marshals Service then attempted to locate and serve Defendant Douglas in Los Angeles, California, but were unable to do so after two separate attempts. (Id.) No one by the name of Mya Kay Douglas lived at the addresses the Marshals Service obtained for her in Los Angeles. (Id.)

The Court previously explained to Plaintiff that it was his responsibility to provide sufficient information for the Marshals Service to identify and locate Defendants to timely effect service within ninety days of the Court's February 5th Order. (Doc. no. 25, p. 5 (citing Fed. R. Civ. P. 4(m).) The Court also informed Plaintiff that if Defendants were not timely

served within this ninety-day period, the Court may dismiss the case. (Id.) However, multiple attempts to effect personal service on Defendant Douglas were unsuccessful. (See doc. no. 36.)

Thus, the Court finds the Marshals Service has made reasonable efforts to effect service upon Defendant Douglas based on the information provided by Plaintiff. Furthermore, the ninety-day period for service, with a sixty-day extension included, expired on July 5, 2019. Rule 4 provides, "[i]f a defendant is not served within ninety days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Accordingly, Plaintiff shall have fourteen days from the date of this Order to explain why Defendant Douglas should not be dismissed for failure to serve her within the extended service period after reasonable efforts of the Marshals Service. The Court **DIRECTS** the Clerk of Court to attach a copy of Rule 4(m) to this Order for Plaintiff's perusal.

SO ORDERED this 23rd day of August, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA