IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | |
| ANDRIA MAYBERRY; MYA KAY | ) | |
| DOUGLAS; and THE TMG FIRM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP"). On February 5, 2019, the Court directed the U.S. Marshals Service to effect service of process on Defendants. (Doc. no. 25.) In accordance with the Court's Order directing service, the Marshals Service mailed a copy of the Third Amended Complaint and the February 5, 2019 Order by certified mail to Defendants Mayberry, Douglas, and The TMG Firm, LLC ("TMG") on March 1, 2019. (Doc. nos. 29-31.) In the February 5th Order, the Court explained to Plaintiff that it was his responsibility to provide sufficient information for the Marshals Service to identify and locate Defendants to timely effect service within ninety days. (Doc. no. 25, p. 5 (citing Fed. R. Civ. P. 4(m)).) The Court also informed Plaintiff that if Defendants were not timely served within this ninety-day period, the Court may dismiss the case. (Id.)

After the certified mail sent to Defendant Mya Kay Douglas at Elkis Park, Pennsylvania, the address provided by Plaintiff, was returned as unclaimed on May 1, 2019, the Marshals Service obtained two additional addresses for Defendant Douglas in Philadelphia, Pennsylvania and Los Angeles, California. (Doc. nos. 30, 36.) Thus, on May 6, 2019, the Court directed the Marshals Service to personally serve Defendant Douglas and extended the service period through July 5, 2019. (Doc. no. 32.)

During the attempt to serve Defendant Douglas at the Philadelphia, Pennsylvania address, her sister-in-law spoke with the Marshals Service and stated Defendant Douglas resides in Los Angeles, California. (Doc. no. 36.) The Marshals Service attempted to locate and serve Defendant Douglas in Los Angeles, California, but were unable to do so after two separate attempts. (Id.) No one by the name of Mya Kay Douglas lived at the addresses the Marshals Service obtained for her in Los Angeles. (Id.) On July 3, 2019, the Marshals Service filed the return of service forms for Defendant Douglas as unexecuted. (Id.)

On August 23, 2019, the Court explained the efforts of the Marshals Service to serve Defendant Douglas and reminded Plaintiff of the ninety-day service rule. (Doc. no. 38, pp. 1-2, 5-6); see Fed. R. Civ. P. 4(m). The Court also explained the service period could be extended further if Plaintiff shows good cause for the failure to serve a defendant, and, as long as the Marshals Service can use reasonable efforts to locate that defendant, "prisoner-litigants who provide enough information to identify the . . . defendant have established good cause for Rule 4(m) purposes." Fed. R. Civ. P. 4(m); Richardson v. Johnson, 598 F.3d 734, 739-40 (11th Cir. 2010). Thus, the Court provided Plaintiff with fourteen days to explain why Defendant Douglas should not be dismissed because she had not been served within the extended service period. (Doc. no. 38, pp. 5-6.)

On September 6, 2019, Plaintiff responded to the Court's August 23rd Order, arguing Defendant Douglas is evading service and requesting an unspecified amount of time to provide the Court with the proper address to serve Defendant Douglas. (Doc. no. 41.) On September 12, 2019, the Court granted Plaintiff's request for additional time, giving him through and including September 27, 2019, to provide the Court with sufficient information to accomplish service of process on Defendant Douglas. (Doc. no. 42.) However, Plaintiff did not provide any additional information.

Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of 120-day service period, even in absence of good cause). However, even if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

Plaintiff has not shown good cause for failing to timely effect service on the Defendant Douglas, and the Court finds that no other circumstances warrant an extension of the service period. The Court gave Plaintiff ample opportunity to provide the Court and Marshals Service with sufficient information to locate and serve Defendant Douglas, but after being warned Defendant Douglas would be subject to dismissal, Plaintiff failed to provide additional information. Further, the Court finds the Marshals Service used reasonable efforts by attempting to serve Defendant Douglas at multiple locations spanning the U.S. Thus, Plaintiff has not shown good cause as described in Richardson.

3

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims against Defendant Douglas be **DISMISSED** without prejudice for failure to timely effect service and Defendant Douglas be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 25th day of October, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA