IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | |
| ANDRIA MAYBERRY and THE TMG FIRM, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP"). On February 5, 2019, the Court directed the United States Marshals Service to effect service of process on Defendants. (Doc. no. 25.) In accordance with the Court's Order directing service, the Marshals Service mailed a copy of the Third Amended Complaint and the February 5th Order by certified mail to all Defendants on March 1, 2019. (Doc. nos. 29-31.) Defendant Mayberry did not sign for the certified mail sent to her at her alleged address in Philadelphia, Pennsylvania, which gave her thirty days to return the waiver of service form. (Doc. nos. 30-31.) Thus, on May 6, 2019, the Court directed the Marshals Service to personally serve Defendant Mayberry and extended the service period through July 5, 2019. (Doc. no. 32.) On July 3, 2019, the Marshals Service filed the return of service forms for Defendant Mayberry as executed based on a second address found for her in Edgewater, New Jersey. (Doc. no. 37.)

Although the Marshals Service filed the return of service form as executed, the Marshals attempting service were only able to reach Defendant Mayberry's boyfriend, David Kenny, and had him sign the Proof of Service form. (Id. at 1.) The Marshals Service noted David Kenny specifically stated Defendant Mayberry did not live at that address, she resided in Philadelphia, Pennsylvania, and he would pass it along to her. (Id.) Taking the note by David Kenny as true, the Court found service was improper. (Doc. no. 38, p. 3.) Thus, on August 23, 2019, the Court directed the Marshals Service to reattempt personal service on Defendant Mayberry in Philadelphia, Pennsylvania, and extended the service period *nunc pro tunc* sixty days. (Id. at 3-5.)

On November 14, 2019, the Marshals Service filed the return of service as unexecuted, stating they were unable to personally serve Defendant Mayberry. (Doc. no. 55.) The return of service form states the Marshals Service attempted to personally serve Defendant Mayberry on multiple occasions at the Philadelphia, Pennsylvania, address they were able to obtain for her. (Id.) However, on September 3, 11, and 12, 2019, the Marshals Service received no response and left a notification of service letter at that address's mailbox. (Id.) On the last day, the Marshals Service noticed the prior notifications were no longer in the mailbox. (Id.) On October 17, 2019, the Marshals Service obtained two phone numbers for the Philadelphia address. (Id.) One number simply rang, and with the other number, the Marshals Service were able to reach Defendant Mayberry's daughter who told the Marshals Service only she lived at that address, and Defendant Mayberry did not live there. (Id.) The daughter would not say where Defendant Mayberry lived, only stating she would let her

mother know to call the Marshals Service.  (Id.)  The Marshals Service never received any word from Defendant Mayberry and returned the service form as unexecuted.  (Id.)

On November 22, 2019, the Court ordered Plaintiff to show cause why Defendant Mayberry should not be dismissed for failure to serve after the Marshals Service had made reasonable efforts to effect service upon Defendant Mayberry based on the information provided by Plaintiff.  (Doc. no. 57.)  Upon Plaintiff's request, the Court extended Plaintiff's time to show cause why Defendant Mayberry should not be dismissed to January 8, 2020.  (Doc. nos. 58, 59.)  On January 13, 2020, Plaintiff filed an updated address for Defendant Mayberry at 1317 Parrish St., Philadelphia, Pennsylvania, 19123.  (Doc. no. 66.)

In light of Plaintiff's updated address, his arguments Defendant Mayberry is evading personal service, and pursuant to Richardson v. Johnson, 598 F.3d 734 (11th Cir. 2010), the Court **DIRECTS** the United States Marshal to use reasonable efforts to locate and effect personal service of process on Defendant Mayberry at 1317 Parrish St., Philadelphia, Pennsylvania, 19123, within sixty days of the date of this Order.  Because the service deadline has expired, the Court *nunc pro tunc* **EXTENDS** the deadline for service as to Defendant Mayberry to sixty days from the date of this Order.  See Fed R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); Richardson, 598 F.3d at 739-40 ("[P]risoner-litigants who provide enough information to identify the . . . defendant have established good cause for Rule 4(m) purposes.")  Service shall be effected in accordance with the Court's February 5th Order, except the Marshals Service shall not request that Defendant Mayberry waive formal service of the summons but shall personally serve Defendant Mayberry with a summons, a copy of

3

the Third Amended Complaint, (doc. no. 21), the Court's February 5th Order, (doc. no. 25), and a copy of this Order.  The Marshals Service is **FURTHER DIRECTED** to notify the Court within sixty days of the date of this Order whether Defendant Mayberry has been located and served.

Additionally, Plaintiff filed a Motion to Request Personal Service, wherein he requests the Court appoint Mr. Ed Dowd of Insight Case Management in Ronkonhoma, New York as a private process server to serve Defendant Mayberry.  (Doc. no. 64.)  Under Federal Rule of Civil Procedure 4(c)(3), "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."  In light of the Court's above order directing the Marshals Service to effect personal service of process on Defendant Mayberry, there is no reason to appoint Mr. Dowd additionally.  Thus, the Court **DENIES** Plaintiff's motion.  (Doc. no. 64.)

SO ORDERED this 30th day of January, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA