IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | |
| ANDRIA MAYBERRY and THE TMG FIRM, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP"). Before the Court are two motions filed by Defendant The TMG Law Firm, LLC ("TMG"), its original motion to set aside default and motion to open default, (doc. nos. 44, 63), and Plaintiff's motions for default judgment and appointment of counsel, (doc. nos. 47, 65-1). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** TMG's original motion to set aside default be **DENIED AS MOOT**, TMG's motion to open default be **GRANTED**, and Plaintiff's motions for default judgment and appointment of counsel be **DENIED**.

### I.   BACKGROUND

On February 5, 2019, the Court directed the United States Marshals Service to effect service of process on Defendants. (Doc. no. 25.) In accordance with the Court's Order directing service, the Marshals Service mailed a copy of the Third Amended Complaint and

the February 5th Order by certified mail to all Defendants on March 1, 2019. (Doc. nos. 29-31.) On March 5, 2019, E. Gardner signed for the certified mail to TMG. (Doc. no. 29.) TMG's waiver of service was signed on April 2, 2019, by L.P. Parker and filed with the Court on May 10, 2019. (Doc. no. 34.) Thus, TMG had until April 30, 2019, to answer, move, or otherwise plead to Plaintiff's Third Amended Complaint.

Because TMG failed to file a timely response to the complaint, on August 23, 2019, the Court directed the Clerk to enter default against TMG and serve a copy by mail at The TMG Firm, LLC, 112 W. 34th Street, 17th and 18th Floors, New York, New York, 10120-2400, and by email at assistance@thetmgfirm.com. (Doc. no. 38.) In response on September 16, 2019, TMG filed a *pro se* answer and moved to set aside the default. (See doc. nos. 43-46.) Because corporate entities may not proceed *pro se*, on September 17, 2019, the Court ordered TMG to obtain counsel and amend its filings. (Doc. no. 48.) On the same day, Plaintiff moved for entry of default judgement against TMG. (Doc. no. 47.) After multiple extensions of time, on December 19, 2019, TMG obtained counsel and filed an amended answer and the current motion to open default, attaching to the latter a declaration by L.P. Parker. (Doc. no. 63.)

Ms. Parker is the CEO and Managing Director of TMG, and this case is her first involvement in any lawsuit as a plaintiff or defendant in both her professional and personal capacities. (Parker Decl., doc. no. 63-2, ¶ 4.) TMG is in the business of consulting, editing, and publishing books, and it edited the book at issue in this litigation, Before Empire: Raising Byrshere "Yazz the Greatest" Gray, "solely for formatting and grammatical errors." (Id. at ¶¶ 7, 8.) The authors, Maya Kay Douglas and Andria Mayberry, "were well aware

2

that they, solely, were responsible for the truth of factual accuracy of the content, which is a matter of business practice with all of the authors which whom TMG has helped get publication of . . . books . . . ." (Id. at ¶ 9.)  The subject book was "the first time [TMG] helped someone get a hard-bound book published." (Id. at ¶¶ 7, 10.)  TMG "is of limited financial resources" and does not conduct business in Georgia. (Id. at ¶¶ 5-6, 35.)

On April 14, 2019, Ms. Parker received a voicemail from the Marshals Service asking her to sign and mail a waiver form, and Ms. Parker interpreted that email as representing that the case was going to be dismissed. (Id. at ¶ 29.)  The Marshals Service followed up with an email asking Ms. Parker to sign and mail back the waiver form. (Id. at ¶ 28.)  Two days later on April 16, 2019, the Marshals Service emailed Ms. Parker to return the waiver within thirty days and explained it was TMG's responsibility to file an answer. (Id. at ¶ 30.)  Ms. Parker interpreted this email as explaining the waiver would serve as TMG's answer to the complaint and return of the waiver was required so the case would be dismissed. (Id. at ¶ 31.)  Ms. Parker misunderstood the waiver and answer to be one and the same. (Id. at ¶ 32.)  She later found portions of the docket on the internet "and saw some portions of the case had been dismissed." (Id. at ¶ 33.)  She believed she was "following instructions and helping the marshals by returning the form, so the case could be dismissed." (Id.)  Ms. Parker did not consult an attorney because she thought she was complying with the Marshal Services' instructions. (Id. at ¶ 34.)

3

## II. DISCUSSION

### A. TMG's Motions to Set Aside Default and Plaintiff's Motion for Default Judgment

Because TMG's Motion to Open Default supersedes the original Motion to Set Aside Default, the original motion should be **DENIED AS MOOT**.  (Doc. no. 44.)  As for TMG's Motion to Open Default, the Court may set aside an entry of default for good cause under Federal Rule of Civil Procedure 55(c).  Murphy v. Farmer, 176 F. Supp. 3d 1325, 1340 (N.D. Ga. 2016).  This standard considers whether the default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).  Other factors include the public interest, significance of financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.  Id.  "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief."  Id. at 951-52.

The Court finds good cause to set aside default.  First, there is no evidence of culpable or willful misconduct by TMG.  A sophisticated party acting intentionally to derail the proceedings would have ignored the request for waiver of personal service, rather than completing and returning it, and evaded personal service of process.  TMG's prompt return of the waiver and prompt response to entry of default is strong evidence of a cooperative spirit, with no malice or recklessness.  Negligence is the best description of TMG misinterpreting docket filings and communications with the Marshals Service to mistakenly

4

believe the signed waiver form served as the answer and the case would be dismissed upon return of the waiver.

Second, the Court can discern no prejudice to Plaintiff by the delay in getting started with the litigation.  Indeed, extraordinary efforts are still underway by the Marshals Service to locate and serve TMG's co-defendant, Andria Mayberry.  Third, TMG has presented a meritorious defense, raising arguments such as the statute of limitations, TMG's role as mere editor of formatting and grammar, truth of the statements challenged by Plaintiff, and the absence of reputational harm in light of Plaintiff's alleged prior convictions for the same type of acts described in the book he claims to be false.  Fourth, opening default comports with the strong public policy preference of determining cases on their merits rather than technical defaults.  In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

Fifth, because Plaintiff's third amended complaint does not specify a liquidated damages amount, the factor that considers significance of financial loss to the defaulting party is not applicable.  Pure Fresh, LLC v. Liaison Can./U.S. Logistics (USA) Corp., Case No. 19-cv-60079-BLOOM/Valle, 2019 WL 1921991, at *2 (S.D. Fla. April 30, 2019).  Sixth and finally, TMG did act promptly to correct the default by filing its *pro se* answer and motion to open default within three weeks of the Court entering default.  Carefully weighing all of these factors, TMG's motion to set aside default should be **GRANTED**.  (Doc. no. 63).  For the same reasons, Plaintiff's motion for default judgment should be **DENIED**.  (Doc. no. 47.)

### B. Plaintiff's Motion to Appoint Counsel

For the reasons stated in the Court's June 15, 2018 Order, Plaintiff's Motion for

Appointment of Counsel should be **DENIED**.  (Doc. no. 65-1.)

### III. CONCLUSION

The Court **REPORTS** and **RECOMMENDS** TMG's original motion to set aside default be **DENIED AS MOOT**, (doc. no. 44), TMG's motion to open default be **GRANTED**, (doc. no. 63), and Plaintiff's motions for default judgment and appointment of counsel be **DENIED**, (doc. nos. 47, 65-1).

SO REPORTED and RECOMMENDED this 3rd day of February, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA