# UNITED STATES DISTRICT COURT
## THE SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

| | |
|---|---|
| RONAL B. GRAY<br><br>    PLAINTIFF,<br><br>V.<br><br>ANDRIA MAYBERRY,<br>MYA KAY DOUGLAS, AND<br>THE TMG FIRM, LLC<br><br>    DEFENDANT. | CIVIL ACTION FILE NO.:<br>3:18-CV-00045<br><br>DEFENDANT ANDRIA MAYBERRY'S<br>MOTION FOR SUMMARY JUDGMENT |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Andrea Mayberry, Defendant in the above styled action, by and through its undersigned counsel, and submits this *Brief in Support of Defendant's Motion for Summary Judgment* respectfully showing this Honorable Court that it should **GRANT** this Motion and award Plaintiff reasonable expenses. The Defendant Mayberry also requests that this Court deny the Motion for Summary Judgment as filed by Plaintiff based on the reasons below:

## INTRODUCTION

Defendant files this Motion in response to Plaintiff's claim of defamation, intentional and negligent infliction of emotional distress, slander, invasion of privacy, harassment, and negligence. Plaintiff alleges that Defendant Mayberry's book, *Before Empire: Raising Bryshere "Yazz the Greatest"* (the "Book") contained false and defamatory writings that caused Plaintiff intentional and negligent infliction of emotional distress. Plaintiff brings this action years after the publication of the book. The statute of limitation on defamation is one year. Thus, Plaintiff's claims are barred under the applicable statute of limitation laws. Further, Plaintiff asserts truth as a defense, and Defendant has not provided a single piece of evidence or witness that can prove the statements

made in the Book are false. Thus summary judgment is proper in favor of Defendant Mayberry and against Plaintiff because there is no genuine issue of material fact in dispute, as Plaintiff has no valid claims.

## STATEMENT OF FACTS

Defendant Mayberry published the Book on April 4, 2017. [Plaintiff's Complaint; *Before Empire: Raising Bryshere "Yazz the Greatest"* publication page] A true and correct copy of the Book's publication page is attached as **Exhibit 1** and incorporated herein by this reference. Plaintiff brought this lawsuit on January 28, 2019, well past Georgia's one-year statute of limitation. [Plaintiff's Filed Complaint; *Before Empire: Raising Bryshere "Yazz the Greatest"* publication page] Plaintiff has not provided any evidence that suggests the statements made by Defendant Mayberry are not true. [Plaintiffs Complaint; Plaintiff's Motion for Summary Judgment] Defendant Mayberry asserts truth as a defense to Defendants claim of defamation and related intentional and negligent distress claims. [Defendant Mayberry's Answer]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256 (11th Cir. 2004)

# ARGUMENT AND CITATION OF AUTHORITIES

**I.  Summary Judgment should be granted in favor of Defendant Mayberry because Plaintiff's claim for Defamation was filed outside of the statute of limitations.**

"A claim for libel arises when the defamatory statement is published." Douglas Asphalt Co. v. Qore Inc., 657 F.3d 1146, 23 Fla. L. Weekly Fed. C 420 (11th Cir. 2011) The statute of limitation to bring a claim for defamation is one year from the date of publication. O.C.G.A. § 9-3-33. Here, Plaintiff brought his claim well over a year after the alleged defamatory statements were published in the Book. [Plaintiff's Complaint].  The Book at issue was published in 2017, and Plaintiff's suit was filed over two years later in 2019.   Thus, this Court should grant summary judgment in favor of Defendant Mayberry because Plaintiff failed to file its complaint within the applicable statute of limitations.

**II.  Summary Judgment should be granted to Defendant because Defendant Mayberry is a not a resident of Georgia and this Court has no jurisdiction over said Defendant.**

Courts have long held that in order for a case to be sustained the Court must have jurisdiction over the parties.  Specifically,  under O.C.G.A. Sect. 9-10-91, this state sets forth the specific grounds for the exercise of personal jurisdiction over Defendants such as Ms. Andria Mayberry.  And, under said statute, "A court of this state may exercise personal jurisdiction over any nonresident…as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated under state code in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:

1) Transacts any business within this state;

2) Commits a tortious act or commission within this state, except as to a cause of action for defamation of character arising out of the act." (See O.C.G.A. 9-10-91)

In this instant case, our client would fall under section 2 of the statute above and be exempted from personal jurisdiction by this Court. For the foregoing reasons, we respectfully ask this Court to grant Defendant's motion for summary judgment and dismiss this matter.

### III. Even if there was personal jurisdiction and a timely filing, Defendant's Summary Judgment should be granted to Defendant because Defendant Mayberry asserts truth as a defense to Plaintiff's defamation and related claims and Plaintiff has not provided any evidence that suggests Defendant Mayberry's publication is false.

There are four elements in a cause of action for defamation, "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm. Smith v. Stewart, 291 Ga.App. 86, 91 (2008). "Truth is a complete defense to libel under Georgia law." Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256 (11th Cir. 2004)

Defendant has failed and is unable to prove the first element of defamation. Plaintiff has not provided any evidence or witnesses that prove the alleged defamatory statements are false. [Plaintiffs Complaint] Further, Defendant Mayberry asserts truth as a defense to Plaintiff's claim of defamation. [Defendant Mayberry's Answer] Plaintiff has not proved all the elements for defamation which means there is an absence of evidence to support Plaintiff's claim for defamation and this court should award judgment in favor of Defendant Mayberry and against Plaintiff.

## CONCLUSION

For the reasons set forth above, Defendant Mayberry prays that its motion for summary judgment be granted. Defendant Mayberry further prays that judgment be entered in favor of Defendant Mayberry and against Defendant for all costs Defendant Mayberry has incurred in having to respond to Plaintiff's motion for summary judgment, including necessary expenses, expenses of litigation, Court costs, and such further relief as this Court may deem equitable and just under the circumstances.

Respectfully submitted this 16th day of September 2020.

J. WALKER & ASSOCIATES, LLC

By: */s/James L. Walker, Jr.*
    James L. Walker, Jr.
    Georgia Bar No. 260643

3421 Main Street | Suite A
Atlanta, GA 30337
Phone: (770) 847-7363
jjwalker@walkerandassoc.com
*Counsel for Defendant Mayberry*

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I served all parties to this action with a copy of the within and foregoing **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** by depositing the same in the U.S. mail in a properly addressed envelope with adequate first class postage to the following:

Ronald B. Gray
Via Certified Mail
GDC 001702913
Wheeler Correctional Facility
PO Box 466
Alamo, Georgia 30411

Mya Kay Douglas
7403 Penrose Avenue
Elkins Park, PA 19027

John B. Watson, Esq.
P.O. Box 3248
Augusta, GA 30914

This 16th day of September 2020.

                                                J. WALKER & ASSOCIATES, LLC

                                                By: */s/James L. Walker, Jr.*
                                                         James L. Walker, Jr.
                                                         Georgia Bar No. 260643

3421 Main Street | Suite A
Atlanta, GA 30337
Phone: (770) 847-7363
jjwalker@walkerandassoc.com
*Counsel for Defendant Mayberry*