# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | | |
|---|---|---|
| **RONALD B. GRAY,** | * | |
| Plaintiff, | * | |
| | * | Case No. 3:18-cv-00045 |
| | * | |
| **ANDRIA MAYBERRY; MYA KAY** | * | |
| **DOUGLAS; and THE TMG FIRM, LLC,** | * | |
| Defendants | * | |

## DEFENDANT ANDRIA MAYBERRY'S FIRST REQUEST FOR INTERROGATORIES TO PLAINTIFF

COMES NOW Andria Mayberry, Defendant in the above-styled matter and pursuant to Federal Rules of Civil Procedure Rule 33, and hereby submits her FIRST REQUEST FOR INTERROGATORIES TO PLAINTIFF. You are required to answer these Interrogatories separately and fully in writing, under oath. You are required to respond to these interrogatories no later than thirty (30) calendar days after receipt.

## INSTRUCTIONS

A.

Each Interrogatory is to be answered fully on the basis of information

which is in your possession.

B.

In each of your answers to these Interrogatories, you are requested to provide not only such

information as is in your possession, but also information as is reasonably available. In the event

that you are able to provide only part of the information called for by any particular

Interrogatory, please provide all the information you are able to provide and state the reason for

your inability to provide the remainder.

C.

If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

D.

Every Interrogatory herein shall be deemed a continuing interrogatory and information in addition to or in any way inconsistent with your initial answer to such Interrogatory.

E.

If any of the following Interrogatories can be answered fully and completely simply by referring to an exhibit number, page, and paragraph of the investigative file compiled by the Agency and furnished to the Complainant by the Agency in connection with this administrative complaint of discrimination, such references, if adequately identified to inform the Complainant as to your response will serve as a satisfactory response to such Interrogatory.

## **DEFINITIONS**

A.

"Complainant" means Jane Doe.

B.

"Agency," "you," "your," or "yourself," means the Department of Defense, Defense Contact Audit Agency, the named Agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

C.

"Person", "persons," "people", and "individual" means any natural person, together with all federal, state, county, municipal and other government units, agencies or public bodies, as well as firms, companies, corporations, partnerships, proprietorships, joint ventures, organizations, groups of natural persons or other associations or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right.

D.

"Document," "documents," and "writing" means all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which

information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

E.

"Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

F.

"Produce" and "provide" mean to provide either a legible true copy of the original or any document and/or communication.

G.

"Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

H.

"Identify," "identifying," and "identification" when referring to a person mean to provide an identification sufficient t notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the agency.

I.

"Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to teach such document:

1. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;
2. The identity or descriptive code number, file number, title or label of such document;
3. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;
4. The names of the person(s) to whom such docum1ent was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;
5. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

6.

Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

J.

In any matter responsive to any of the interrogatories the agency shall set forth completely the grounds for the asserted privilege, along with copies of the Privacy Act provisions or other written materials upon which such assertion is made. The agency shall identify as to each privileged communication or document:

1. its date;
2. its author(s);
3. the business title or position of its author(s);
4. its recipient(s);
5. the business title or position of its recipient(s);
6. its number of pages;
7. its stated subject matter;
8. the legal basis upon which the agency claims privilege;

    9. the specific portion of the interrogatory or document to which the communication or document is responsive.

## NOTE A

Documents are to be labeled to indicate the interrogatory to which they respond. In order to simplify the issues and resolve as many matters of fact as possible before hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, in full, because sufficient information is not available to you, answer the interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based.

## NOTE B

In addition, state what you did to locate the missing information and why that information is not available to you.

## NOTE C

When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate.

## NOTE D

All of the following interrogatories shall be continuing in nature until the date of the hearing, and you must supplement your answers as additional information becomes known or available to you.

## NOTE E

If any interrogatory or request is objectionable, please call counsel for the complainant before objecting, in order to attempt to narrow the question or avoid the objectionable portion or aspect. Identify all documents associated with each interrogatory.

# **INTERROGATORIES**

1.

As it relates to the location where the alleged incident took place; Who resided in house with you and the Defendant, where was your bedroom located in the house, where was your, grandmother's bedroom located in the house, where was your Mother's bedroom in the house?

2.

How many bedrooms were in 139 E, Mayland Street? Have you ever locked the Defendant Mrs. Mayberry in your bedroom?. Have you ever physically assaulted Mrs. Andria Mayberry prior to the alleged incident in question? Did you physically beat her blacking her eye and knocking out her front tooth while she was pregnant with your child at at any time prior Mrs. Mayberry's pregnancy, at 139 E. Maryland St. or any other residence, place of social gathering?

3.

How many siblings do you have, and how many of those siblings lived with your mother in 1993?

4.

How many of your siblings lived with your mother permanently until 1993? After 1993?

5.

Have you or anyone in your family ever sought professional help for mental illness? Do you or anyone in your family now suffer, or have a history of mental illness? If so, who was it that was diagnosed, when were they diagnosed, what were they diagnosed with suffering from and what was this person's prognosis, and treatment plan?

6.

Have you ever experimented, done, used, or abused drugs or alcohol at any point in your life? Has anyone else in your family experimented, done, used, or abused drugs at any point in their

lives?, Have you or any member of your family whom did experiment, use, abuse, drugs ever seek professional help for your addictions?

7.

Was your Mom in and out of rehab for drug and Alcohol use?

8.

Was was the relationship like between Mrs. Andria Mayberry and your mother? What was the relationship like between Andria Mayberry and your grandmother? What is the relationship like between Andria Mayberry and your other children's mother's? What is the relationship like between Andria Mayberry and your other children?

9.

Have you ever physically assaulted Mrs. Andria Mayberry? Have you ever threatened to kill her if she spoke of the domestic violence she suffered while in a relationship with you? Have you ever assaulted any other woman or individual in your lifetime?

10.

Have you ever been to jail or prison for family violence, aggravated assault, any other crimes of moral turpitude at any time? How many times?

11.

Aren't you currently serving time in prison? What were you convicted of? When were you convicted? And what was your sentence? Are you ever eligible for probation/parole?

12.

Have you ever been mentally evaluated while serving time in jail or prison, If so, what was the outcome or determination of such evaluation(s)?

13.

When was the last time you saw your son Bryshere Gray?, when was the last time you talked to your son Bryshere Gray, what did you talk about?

14.

Have you ever made contact with the Defendant Mrs. Andria Mayberry while you were in jail? Have you or anyone in your family ever reached out to Andria Mayberry regarding giving you, or asking Bryshere to give you money? Isn't money the real basis of this lawsuit against the Defendant?

15.

Have you ever been involved in the raising of Bryshere Gray? Have you ever attended any parent/teacher nights when Bryshere was a child? Do you know any of his friends, business associates, or other family members, personally of professionally? While you were in jail, did you ask Mrs, Mayberry to ask her son Bryshere Gray to contact you? Did your son Bryshere Gray ever contact you? If so when?

16.

Have you ever managed Bryshere Gray? Do you know who manages him now? Have you ever met, spoken to, or made any type of arrangements with a manager of Bryshere Gray? Have you had any contact with Bryshere's Manager Charlie Mac or assistant James Washington?

17.

Have you ever paid any child support for Bryshere Gray? If so. can you provide a legal document that would support that? Do you have nay other children not including Bryshere Gray and Amber Holt? Is your daughter Amber Holt diagnose with a Mental Illness? If so what? What type of relationship do you and your daughter Amber Holt have?

18.

What does Amber Holt do for a living? Has she ever given you money, does she visit you? Does she have a relationship with Bryshere? Has she ever asked Bryshere for money?

19.

Did you ask Mrs, Mayberry for money to help fund your attorney fees for your current case? Did your son Bryshere Gray ever give you money for anything including attorney's fees? Has he ever visited you and if so, when?

20.

Have you made or had any contact with Bryshere Gray within the last year, the last six months, or the last three months?

21.

You stated that you were present when your son, Bryshere Gray was born, were you proud of the fact that you had a son? If so, how much did he weigh, were thee any complications, how long did he stay in the hospital, did you stay all night with Mrs, Mayberry after the delivery?

22.

Did you see any hospital guards coming into Andria Mayberry's hospital room periodically at anytime before, during, or after the birth of your son Bryshere Gray?

23.

Have you ever physically abused any of your children, the mother of your children, or any children of the mother of your children during, prior to or after your relationship ended?

24.

Do you have a relationship with any of the mothers of your children? Have you ever assaulted any of your children's mothers or any of their immediate family?

25.

Have you ever hit, slapped, kicked, punched, shoved, or otherwise assaulted your mother, grandmother, r any of your siblings?

This 13th day of August, 2020

                                         J. WALKER & ASSOCIATES, LLC

                                         By: */s/James L. Walker, Jr.*
                                                  James L. Walker, Jr.
                                                  Georgia Bar No. 260643

3421 Main Street | Suite A
Atlanta, GA 30337
Phone: (770) 847-7363
jjwalker@walkerandassoc.com
*Counsel for Defendant Mayberry*