IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | |
| ANDRIA MAYBERRY | ) | |
| and THE TMG FIRM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Discovery, wherein he requests production of medical records and documents from Chestnut Hill Hospital. (Doc. no. 102.) According to the Court's Scheduling Notice, discovery closed on July 7, 2020, and the last day to file summary judgment motions was August 27, 2020. (Doc. no. 73.) The Court **DENIES** the motion for the reasons explained below.

Pursuant to a standing Order in the Southern District of Georgia, "Subpoenas will not be issued to any party litigant who is incarcerated in a jail or prison." In re Subpoenas, MC 496-006 (S.D. Ga. Jan. 16, 1996). Thus, Plaintiff is not entitled to have subpoenas issued to him, and he should have requested discovery from Defendants during the discovery period. Accordingly, the Court **DENIES** the discovery motion. (Doc. no. 102.)

Even if the Court construed Plaintiff's motion as a motion to compel discovery, discovery of relevant evidence, but a discovery request may be subject to limitation if "the

party seeking discovery has had ample opportunity to obtain the information by discovery in the action . . . ." Fed. R. Civ. P. 26(b)(2)(C)(ii).  Plaintiff's Motion for Discovery comes almost six months after discovery ended and months after the parties filed motions for summary judgment.  (Doc. no. 73.)   The Court provided Plaintiff multiple extensions to supplement his motion for summary judgment and Plaintiff never filed a motion during that time seeking the production of medical documents.  (Doc. nos. 86, 90, 99-100.)  Plaintiff had ample opportunity to obtain discovery, and therefore, the late filing of Plaintiff's motion will not be excused, and therefore is **DENIED** as untimely.

Further, even if the motion were timely, Plaintiff failed to comply with Local Rule 26.5[1], which incorporates the requirements of the Federal Rules of Civil Procedure:

the motion should still be denied.  The Federal Rules of Civil Procedure generally permit

> **LR 26.5 Discovery Motions and Objections.**   Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:
>
> (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;
>
> (b) include the specific ground for the motion or objection; and
>
> (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another.  Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.
>
> Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

---

[1] These requirements were explained to Plaintiff in the Court's February 5, 2019 Order. (Doc. no. 25, pp. 5-6.)

Loc. R. 26.5.

The duty-to-confer prerequisite is not an empty formality.  Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010).  Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of a discovery motion.  See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (*per curiam*) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion).

Here, Plaintiff has not certified that he conferred with the opposing parties in a good-faith effort to resolve the discovery dispute before seeking relief in this Court.  As the instant motion fails to comply with the Court's Local Rules, Plaintiff's request for discovery should also be **DENIED** for such failure.  See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*) (stating that a motion may be denied for failure to comply with a Court's Local Rules).

Accordingly, the Court **DENIES** Plaintiff's Motion for Discovery.  (Doc. no. 102.)

SO ORDERED this 21st day of December, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA