IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RONALD B. GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 318-045 |
| | ) |
| ANDRIA MAYBERRY, | ) |
| and THE TMG FIRM, LLC, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* in this defamation action. The Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for summary judgment be **DENIED WITH THE RIGHT TO REFILE**, (doc. no. 78), Defendant Andria Mayberry's motion for summary judgment be **DENIED WITH THE RIGHT TO REFILE** (doc. no. 88), Defendant The TMG FIRM, LLC's ("TMG") motion for summary judgment be **GRANTED IN PART AND DENIED IN PART WITH THE RIGHT TO REFILE THE DENIED PORTION**, (doc. no. 81), and summary judgment be entered in favor of Defendant TMG on Plaintiff's claim for invasion of privacy.

**I.   BACKGROUND**

On February 5, 2019, the Court screened Plaintiff's third amended complaint and allowed to proceed Plaintiff's claims under Georgia law against Defendants TMG, Andria

Mayberry, and Mya Kay Douglas for negligence, defamation by libel, and invasion of privacy by public disclosure of embarrassing facts. (Doc. no. 25.) The Court later dismissed Mya Kay Douglas as a party for failure to timely effect service. (Doc. no. 56.)

Plaintiff and Ms. Mayberry are the parents of Bryshere Yazuan Gray, an actor known for his role as Hakeem Lyon in the Fox television series *Empire*. This action arises out of the book "Before Empire: Raising Bryshere 'Yazz the Greatest' Gray," the life story of Ms. Mayberry as told by her with the assistance of co-author Mya Kay Douglas. (Decl. of Andria Mayberry, doc. no. 81-2, ¶¶ 6-7.) In the book, Ms. Mayberry accuses Plaintiff of physically assaulting her in 1993, when she was seven months pregnant with Bryshere, thereby causing her to suffer premature induction of labor and the loss of a tooth. (Id. ¶¶ 11, 15, 21.) Approximately two weeks after Bryshere's birth, according to the book, Plaintiff assaulted Ms. Mayberry for a second time. (Id. ¶¶ 11, 21.)

Plaintiff alleges the book's assault accusations are false, and that Ms. Mayberry repeated these false accusations in television appearances during her promotional tour. (Third Am. Compl., doc. no. 21-1, p. 2, ¶ 1.) Ms. Mayberry declares the assault allegations are true. (Mayberry Decl., ¶¶ 9-10). The book only references the assaulter as being Bryshere's father and never mentions Plaintiff by name. It is undisputed that Plaintiff is Bryshere's father, and Plaintiff alleges Ms. Mayberry identified him by name during the promotional tour. (Birth Certificate of Bryshere Gray, doc. no. 95-1, p. 2.)

TMG, headquartered in New York, first published the book in hard copy on April 4, 2017. (Decl. of L.P. Parker, doc. no. 63-2, ¶¶ 3, 27; Third Am. Compl. at 4, ¶ 3.) TMG shipped copies of the book to Ms. Mayberry and Ms. Douglas in Philadelphia, Pennsylvania. (Parker Decl., ¶¶ 3, 27; Third Am. Compl. at 4, ¶ 3.) Ms. Mayberry sold books hand to hand

in the Philadelphia area, and TMG made the book available for sale online through Amazon. (Parker Decl., ¶ 25; Mayberry Decl., ¶ 24.) Amazon acted as a vendor and reseller of the book. (Parker Decl., ¶¶ 25-26.) As such, Amazon ordered and purchased copies of the book from TMG. (Id.) Amazon would then solicit orders through their website to resell and ship the book to buyers without further interaction with TMG. (Id.) TMG maintained no knowledge over who or where Amazon shipped the purchased books. (Id. ¶ 26.) TMG never directly shipped or sold any books to the state of Georgia. (Id. ¶ 23.) Plaintiff first received the book in February 2018, and the assault allegations caused him to suffer mental health problems and undergo therapy. (Aff. of Ronald B. Gray, doc. no. 78-2.)

## II.   DISCUSSION

The Court cannot issue a definitive summary judgment ruling on any of the grounds raised by the parties, save one ground raised by TMG, due to a host of procedural inadequacies, gaps in the record, and legal errors, as explained below. The sole exception is TMG's argument for summary judgment in its favor on Plaintiff's invasion of privacy claim, which the Court recommends granting because Plaintiff has no legitimate privacy interest in accusations he committed a crime. In light of the procedural inadequacies, gaps in the record, legal errors, and the onus upon the Parties to formulate arguments, the Parties are given leave to re-file for summary judgment. See Robinson v. Intercorp, a div. of Nitro Corp., No. 1:05-CV-1274, 2006 WL 8432357, at *6, 12 (N.D. Ga. Nov. 29, 2006), *adopted by* 512 F.Supp.2d 1307 (N.D. Ga. Mar. 8, 2007) (allowing parties to refile briefs where parties failed to present arguments).

### A. The Court Should Deny Ms. Mayberry's Summary Judgment Motion in its Entirety Because of Her Failure to Comply with Local Rule 56.1

Ms. Mayberry failed to file a statement of undisputed material fact as required by Local Rule 56.1, which provides as follows:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in addition to the brief, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof. Each statement of material fact shall be supported by a citation to the record. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party. Response to a motion for summary judgment shall be made within twenty-one (21) days of service of the motion. See LR 7.5.

This rule is no empty formality. Such a statement, when combined with the non-movant's response, narrows the issues in dispute and provides the Court with record cites to determine the precise nature of those disputes. The Court recommends denial of Ms. Mayberry's summary judgment motion based on this procedural defect alone. See Bradley v. Branch Banking & Tr. Co., No. 3:15-CV-012, 2015 WL 11422296, at *8 (N.D. Ga. July 30, 2015), *adopted by*, 2015 WL 11455759 (N.D. Ga. Aug. 24, 2015) (denying motion for summary judgment for failure to submit statement of material facts in accordance with local rules); Finch v. Med. Coll. of Ga., No. CV 109-150, 2010 WL 739268, at *1-2 (S.D. Ga. Mar. 1, 2010) (citing Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)) (same).

Ms. Mayberry would have benefitted from the exercise of preparing such a statement because her motion contains critical errors regarding facts that purportedly support her summary judgment arguments. She relies on a "publication page" to support her statute of limitations argument. While she claims this document is attached as Exhibit 1 to her

4

summary judgment motion, it is not, and the Court cannot find it anywhere in the record. Relatedly, while she argues Plaintiff's entire defamation claim is barred by the statute of limitations, she only points to the book's publication date without any mention of Plaintiff's related claim that Ms. Mayberry purportedly made defamatory remarks during her promotional tour. She does not cite any evidence or otherwise attempt to establish the date of those remarks.

Furthermore, although she claims truth as a defense, Ms. Mayberry cites no evidence in support of her defense based upon which any finding of undisputed fact could be made. Curiously, Ms. Mayberry submitted an affidavit in support of TMG's summary judgment motion declaring the assault accusations to be true, but Ms. Mayberry never cites to her own affidavit when discussing the truth defense.

Ms. Mayberry argues there is no jurisdiction under O.C.G.A. § 9-10-91, Georgia's long-arm statute, because subsection (2) excludes defamation actions. This is correct. See Worthy v. Eller, 594 S.E.2d 699, 700 (Ga. App. 2004) (holding subsection (2) "is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation."). Ms. Mayberry never discusses, however, whether jurisdiction is proper under subsections (1), (3), and (4) of the long-arm statute, despite her submission of an affidavit in support of TMG's summary judgment motion, not her own, that discusses facts relevant to the jurisdictional analyses under these subsections. The onus is upon the parties to formulate arguments, and "there is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." Resolution Tr. Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) (citing Blue Cross & Blue Shield v. Weitz, 913 F.2d 1544, 1550 (11th Cir. 1990)).

### B. Obvious Errors Preclude Summary Judgment in Favor of TMG With Respect To Its Personal Jurisdiction Defense and the Defamation Claim

Two summary judgment arguments raised by TMG fail for obvious reasons. First, TMG waived its personal jurisdiction defense by failing to assert it in the answer. "Federal Rule of Civil Procedure 12(h) states unequivocally that a claim based on a 'lack of jurisdiction over the person . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment therefore permitted by Rule 15(a) . . . .'" Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1365 (11th Cir. 2006) (quoting Fed. R. Civ. P. 12(h)); see also Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir. 2004) (explaining defendant waives defense if not asserted in responsive pleading or motion to dismiss); Posner v. Essex Ins. Co., 178 F.3d 1209, 1213, n.4 (11th Cir. 1999) (same).

Second, TMG's attempt to obtain summary judgment on the defamation claim also fails. When stripped of all frivolous adornment, the solitary thrust of TMG's argument for summary judgment on the merits of the defamation claim is the absence of any evidence that TMG published the book with actual malice. TMG never mentions however, the longstanding rule that the standard of liability on a defamation claim differs depending on whether the plaintiff is a public figure or a private individual. An ordinary negligence standard applies to private individuals, and the actual malice standard touted by TMG only applies to public figures. Cottrell v. Smith, 788 S.E.2d 772, 782 (Ga. 2016) (quoting Atlanta Humane Soc. v. Mills, 618 S.E.2d 18 (Ga. App. 2005)); Smith v. Stewart, 660 S.E.2d 822, 832 (Ga. App. 2008). While the current record strongly suggests Plaintiff is a private individual, in which case TMG's application of the actual malice standard would be

erroneous, TMG never bothers to mention the differing liability standards or argue whether Plaintiff is a private individual or public figure.  The Court should not decide this threshold issue on its own, bereft of argument and counterargument by the parties.

Although not entirely clear, it appears TMG may also seek summary judgment on the basis that it cannot be liable for defamation as a matter of law because Ms. Mayberry and Ms. Douglas were "solely . . . responsible for the truth or factual accuracy" of the book. (TMG's Summ. J. Br., doc. no. 81-1, p. 5.)  TMG, in contrast, "was just the publisher in this instance" with a limited role of making "corrections as to 'formatting and grammatical errors.'"  Id.  TMG does not cite, and the Court cannot find, any Georgia case suggesting a publisher of allegedly defamatory statements has no liability for defamation so long as the author takes sole responsibility for the factual accuracy of the publication.

On the contrary, Georgia case law places an affirmative duty on a publisher to "exercise[] ordinary care by undertaking reasonable steps to protect a private person from defamatory statements."  Smith, 660 S.E.2d at 833 (citing Triangle Publ'ns, Inc. v. Chumley, 317 S.E.2d 534 (Ga. App. 1984)).  Georgia courts have considered a publisher's reliance on the reputation or veracity of its sources without performing an independent review as a factor in determining whether the publisher acted in accordance with a reasonable publisher in their position.  Id. at 832-33; Triangle Publ'ns, Inc., 317 S.E.2d at 537.  Summary Judgment on the negligence claim is improper for the same reasons.  See, e.g., Mead v. True Citizen, Inc., 417 S.E.2d 16, 18 (Ga. App. 1992) (acknowledging existence of an independent duty to not negligently publish defamatory speech).

Finally, TMG moves for summary judgment on a bevy of claims that are not a part of this litigation. The only claims remaining after screening are negligence, defamation by libel, and invasion of privacy by public disclosure of embarrassing facts. (Doc. no. 25.)

### C. TMG Is Entitled to Summary Judgement on Plaintiff's Claim for Public Disclosure of Private Facts

Under Georgia law, a claim for public disclosure of embarrassing private facts "is that in which the plaintiff claims the right to be free from unwanted publicity about his private affairs, which, although wholly true, would be offensive to a person of ordinary sensibilities." Cox Broad. Corp. v. Cohn, 420 U.S. 469, 489 (1975). The three prima facie elements are (1) public disclosure; (2) of private facts; (3) that are offensive and objectionable to a reasonable person of ordinary sensibilities under the circumstances. Cottrell, 788 S.E.2d at 772. However, recovery is barred "where an incident is a matter of public interest, or the subject matter of a public investigation . . . ." Waters v. Fleetwood, 91 S.E.2d 344, 348 (Ga. 1956).

Plaintiff alleges TMG revealed private information about him by publishing Ms. Mayberry's allegation in the book that Plaintiff "brutally assaulted me, while laying [sic] in his bed, because I did not want to be intimate with him." (Pl's Resp. to Defs' Summ. J. Mot., doc. no. 92, p. 3.) TMG argues this statement does not constitute a private fact because assault is a crime in Georgia and in Pennsylvania where the alleged assault occurred. (TMG's Reply, doc. no. 93, pp. 1-2)( citing O.C.G.A. §§ 16-5-20, 16-5-21; 18 Pa. CONS. STAT. §§ 2701, 3126.

Summary judgment is proper because accusations of criminal acts fall squarely within the sphere of public interest for which there is absolute protection from liability on a claim for public disclosure of private facts. Cottrell, 788 S.E.2d at 772. As the U.S. Supreme

8

Court explained, "[T]he commission of a crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions, . . . are without question events of legitimate concern to the public." Cox Broad. Corp., 420 U.S. at 492.

### D. Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment should be denied because the filing is a motion for summary judgment in name only. Plaintiff merely recites the relief he seeks and his factual allegations, without any discussion or argument concerning why the undisputed facts provide a basis for summary judgment in his favor. (Pl's Summ. J. Mot., doc. no. 78.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for summary judgment be **DENIED WITH THE RIGHT TO REFILE**, (doc. no. 78), Ms. Mayberry's motion for summary judgment be **DENIED WITH THE RIGHT TO REFILE**, (doc. no. 88), Defendant TMG's motion for summary judgment be **GRANTED IN PART AND DENIED IN PART WITH THE RIGHT TO REFILE THE DENIED PORTION**, (doc. no. 81), and summary judgment be entered in favor of Defendant TMG on Plaintiff's claim for invasion of privacy.

SO REPORTED and RECOMMENDED this 22nd day of February, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA