IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | |
| ANDRIA MAYBERRY, and the THE TMG FIRM, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANDRIA MAYBERRY'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

NOW COMES Defendant Andria Mayberry and files this Objection to the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. no. 105.) Ms. Mayberry respectfully requests that the Court adopt the R&R as to her Motion for Summary Judgment (doc. no. 88), allowing her to refile a motion for summary judgment.

Plaintiff is an inmate at the Wheeler Correctional Facility in Georgia (doc. no. 21 at 11), where he is incarcerated after being "convicted of one count of family violence aggravated assault, two counts of misdemeanor family violence battery (one count as a lesser-included crime to family violence aggravated assault), one count of false imprisonment, and two counts of cruelty to children in the third degree." *Gray v. State*, 347 Ga. App. 235, 235 (2018). The conviction stems from his brutal attack on his wife in 2009, who was seven-months pregnant at the time. *Id*. Shortly after the beating, his wife "was taken to the hospital, where she learned that her baby had died and was induced to deliver her stillborn daughter." *Id.* at 236. Plaintiff

1

"confessed that he had committed several of the acts for which he was later indicted, including punching his wife in the face and beating her with a belt." *Id.*

In 1993, sixteen years before the above attack, Plaintiff also physically attacked Ms. Mayberry. (Decl. Mayberry at ¶ 4.) He first beat Ms. Mayberry while she was 37 weeks pregnant, inducing early labor. (*Id.* at ¶¶ 4, 6.) Plaintiff again beat Ms. Mayberry shortly thereafter, while their premature son was still in the hospital. (*Id.* at ¶ 7.) Ms. Mayberry bears the wounds from those beatings to this day, including a false front tooth to replace the one Plaintiff knocked out. (*Id.* at ¶ 4.)

On April 4, 2017, Ms. Mayberry published a book that is at the heart of this lawsuit— "Before Empire: Raising Bryshere 'Yazz the Greatest' Gray" (the "Book"). (*Id.* at ¶ 2, Ex. A.) The Book focuses on her journey raising her son and also describes Plaintiff's domestic violence against her. (*Id.* at ¶ 3.) In and around the time she published the Book, she appeared for an interview for the television talk show "The Real" that aired on April 3, 2017—which is referenced in the Third Amended Complaint.[1] (*Id.* at ¶ 10.) During this period through the present, Ms. Mayberry has been a resident of Pennsylvania. (*Id.* at ¶ 11.)

On June 14, 2018, Plaintiff filed this lawsuit asserting claims based on Ms. Mayberry's statements in the Book. (Doc. no. 1.) On January 28, 2019, Plaintiff filed his Third Amended Complaint that ostensibly added claims related to alleged (but unspecified) statements on "The Real," "The View," and other undisclosed outlets. (Doc. no. 21-1 at 3.) The Third Amended

---

[1] The only other specific media appearance Plaintiff references is a segment on "The View," which occurred approximately 2 years before the Book was published, made no reference to Plaintiff or the Book, and had a brief statement from Ms. Mayberry, who was merely an audience member while her son was on stage. (*Id.* at ¶ 9.)

2

Complaint asserts claims against Ms. Mayberry for defamation, intentional infliction of emotional distress, invasion of privacy, and negligence. (*Id.* at 2.) Those claims lack merit.

This Court should adopt the R&R to the extent it allows Ms. Mayberry to refile a motion for summary judgment and grants summary judgment in favor of her codefendant, TMG Firm LLC ("TMG"). Ms. Mayberry's refiled motion for summary judgment will be supported by evidence and a separate statement of material facts demonstrating why Plaintiff should not be forced to stand trial 750 miles from home on the meritless claims of her abuser.

## **Argument**

Ms. Mayberry will briefly discuss several of the legal and factual bases that will support granting summary judgment in her favor if she is given leave to refile a motion.[2]

### **I. Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails Because Ms. Mayberry's Conduct Was Not Directed at Plaintiff**

Ms. Mayberry's statements at issue here were made to the general public rather than being directed to Plaintiff, (*see* Decl. Mayberry at ¶¶ 3, 9-10), precluding a claim for intentional infliction of emotional distress. *See Pierce v. Warner Bros Ent., Inc.*, 237 F. Supp. 3d 1375, 1381 (M.D. Ga. 2017) ("Public broadcasts, however, are not directed at a particular individual and thus are not 'actionable as intentional infliction of emotional distress.'") (quoting *Lively v. McDaniel*, 240 Ga. App. 132, 134 (1999)).

### **II. Plaintiff's Claim for Invasion of Privacy Fails**

As the Magistrate Judge correctly recommended, Defendant TMG is entitled to summary judgment on Plaintiff's invasion of privacy claim—which claim is based on the same underlying accusations as those against Ms. Mayberry. (Doc. no. 105 at 3.) And for the very same reasons as

---

[2] The arguments below are not an exhaustive recital of all arguments warranting summary judgment in Ms. Mayberry's favor.

3

the Magistrate Judge articulated—including that Plaintiff has no legitimate privacy interest in accusations he committed a crime—Ms. Mayberry should likewise prevail on her refiled motion for summary judgment. (*See id.*)

## III. Plaintiff's Claim for Defamation Fails

### a. Plaintiff's Defamation Claim Is Barred by the One-Year Statute of Limitations

Plaintiff has only identified four specific publications by Ms. Mayberry, all of which occurred outside of the one-year statute of limitations applicable to the defamation claim Plaintiff filed on June 14, 2018: (1) Ms. Mayberry's 2016 statements communicating the content of the Book; (2) the April 2017 publication of the Book; (3) Ms. Mayberry's April 2017 appearance on "The Real"; and (4) Ms. Mayberry's March 2015 audience appearance on "The View." (*See* Doc. 21-1 at 2-3); *see* O.C.G.A. § 9-3-33 (providing that actions "for injuries to the reputation . . . shall be brought within one year after the right of action accrues"); *Carroll City/Cty. Hosp. Auth. v. Cox Enterprises*, 243 Ga. 760, 760 (1979) (recognizing that Georgia adopted the "single publication rule . . . that the statute of limitations is to run from the date of initial publication"). This alone warrants summary judgment on the defamation claim.

### b. Plaintiff's Defamation Claim Fails Because He Is Libel Proof.

Plaintiff is libel proof because of his conviction for beating his pregnant wife who thereafter lost her baby; thus, Ms. Mayberry should be entitled to summary judgment on his defamation claim. Georgia courts have recognized that a Plaintiff with a serious criminal record cannot maintain an action for defamation because "he could not suffer any loss of reputation by an even totally baseless claim against him." *Kennedy v. Se. Newspapers Corp.*, No. I99-2005G, 2000 WL 33174135, at *5 (Ga. State Ct. Sept. 12, 2000). "That which one does not have[, namely, a good reputation], one cannot lose or have damaged." *Id.* (internal quotation marks

omitted). Here, before Ms. Mayberry made her statements, Plaintiff had already lost his reputation—particularly with regard to domestic violence against pregnant women. *See Gray v. State*, 347 Ga. App. at 235-36 (describing Plaintiff's criminal record for brutal domestic violence resulting in the death of a fetus).

### c. The Court Cannot Assert Personal Jurisdiction Based on Plaintiff's Defamation Claim

As the Magistrate Court recognized, Georgia's long-arm jurisdictional statute O.C.G.A. § 9-10-91 carves out defamation from the simple rule providing jurisdiction over a nonresident who commits a tort in the state. (Doc. no. 105 at 5 (discussing O.C.G.A. § 9-10-91(2).) The remaining disjunctive jurisdictional requirements are not met here because at all relevant times, Plaintiff neither: transacted business in Georgia; regularly did or solicited business, or engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in Georgia; nor owned, used, or possessed any real property situated within Georgia. (*See* Decl. Mayberry at ¶¶ 11-16); *see* O.C.G.A. § 9-10-91(1), (3)-(4). Thus, Ms. Mayberry would be entitled to summary judgment on Plaintiff's defamation claim for lack of personal jurisdiction.

## IV. Plaintiff's Claim for Negligence Fails

### a. Plaintiff's Claim for Negligence Is Subsumed by Defamation

A plaintiff cannot avoid the requirements of a defamation claim—including its statute of limitation—by clothing a claim for defamation as a claim for negligence. *See Lee v. Caterpillar Inc.*, No. 1:11-CV-2130-WSD, 2011 WL 13176333, at *3 (N.D. Ga. Dec. 2, 2011), *aff'd*, 496 F. App'x 914 (11th Cir. 2012). That is, to support an independent claim for negligence, a plaintiff must allege the breach of a duty beyond the duty to refrain from defaming him. *See id.* Here, because there is no evidence that Ms. Mayberry breached a duty that could support a negligence

5

claim—beyond the alleged defamatory conduct—she will be entitled to summary judgment on Plaintiff's negligence claim. (*See* Doc. no. 21-1 at 2-3.)

### b. Plaintiff's Claim for Negligence Is Barred by the One-Year Statute of Limitations

As discussed above, the statute of limitations for injuries to reputation is one year. O.C.G.A. § 9-3-33. This statute of limitations applies to negligence claims that are seeking damages that stem from reputational harm. *See, e.g.*, *Butler v. Gwinnett Cty., Georgia*, No. 1:15-CV-3289-LMM, 2016 WL 10649204, at *12 (N.D. Ga. June 3, 2016) (applying one-year statute of limitations to defamation claim clothed as simple negligence). Accordingly, Ms. Mayberry will also be entitled to summary judgment on this basis.

### Conclusion

Ms. Mayberry respectfully requests that the Court adopt the Report and Recommendation as to her motion for summary judgment, thus allowing her to refile a motion for summary judgment to put an end to Plaintiff's meritless claims against her.

RESPECTFULLY SUBMITTED this 11th day of March 2021.

J. WALKER & ASSOCIATES, LLC

By**: /s/James L. Walker, Jr.**
James L. Walker, Jr.
Georgia Bar No. 260643

3421 Main Street | Suite A
Atlanta, GA 30337
Phone: (770) 847-7363
jjwalker@walkerandassoc.com
*Counsel for Defendant Mayberry*

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that I served all parties to this action with a copy of the within and foregoing by email and depositing the same in the U.S. mail in a properly addressed envelope with adequate first class postage to the following:

Ronald B. Gray
**Via Certified Mail**
GDC 1001702913
Wheeler Correctional Facility
PO Box 466
Alamo, Georgia 30411

Mya Kay Douglas
7403 Penrose Avenue
Elkins Park, PA 19027

John B. Watson, Esq.
P.O. Box 3248
Augusta, GA 30914

This 11th day of March 2021.

J. WALKER & ASSOCIATES, LLC

By: /s/*James L. Walker, Jr.*
    James L. Walker, Jr.
    Georgia Bar No. 260643

3421 Main Street | Suite A
Atlanta, GA 30337
Phone: (770) 847-7363
jjwalker@walkerandassoc.com
*Counsel for Defendant Mayberry*