IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-045 |
| | ) | Defendant Mayberry |
| ANDRIA MAYBERRY, and the THE TMG FIRM, LLC, | ) | Response to Plaintiff's |
| | ) | Motion for Summary |
| | ) | Judgment |
| Defendants. | ) | |

**<u>BRIEF IN SUPPORT OF DEFENDANT ANDRIA MAYBERRY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW, DEFEDENDANT ANDRIA MAYBERRY, through her counsel, J. Walker & Associates, LLC, in the above styled action, and submits this brief in support of *Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment* respectfully showing this Honorable Court that it should **DENY Plaintiff Ronald Gray's** most recent Motion for Summary Judgment and award Defendant reasonable expenses.

**I.      Background.**

On or around February 5, 2019, this Court allowed Plaintiff to proceed with his third amended complaint under Georgia law against Defendant Mayberry, Mya Kay Douglas and TMG Publishing for negligence, defamation by libel and invasion of privacy by public disclosure of embarrassing facts (Doc. No. 25.).  (Ms. Douglas was later dismissed as a party as she was not timely served by Plaintiff).

Plaintiff and Ms. Mayberry are the parents of television actor Mr. Bryshere Yazuan Gray, known for his hit role on the popular Fox television series *"Empire."*  Ms. Mayberry and

Plaintiff's son, Bryshere, is a public figure, and has been since at least 2015, at which time he began being featured as a central character in every episode of the show, which ran for six seasons and was regularly watched by millions of viewers.

This action was brought by Ronald Gray based on the book "Before Empire: Raising Bryshere 'Yazz the Greatest' Gray,", a personal account by Defendant Mayberry as co-written by Ms. Douglas. (See Decl. of Andria Mayberry, doc. No 81-2). In the book, Ms. Mayberry notes that Plaintiff Ronald Gray physically assaulted her in 1993, when she was seven months pregnant with Bryshere Yazuan Gray. The assault was so brutal that it caused her to suffer premature induction of labor and the loss of a tooth (Id.) Approximately, two weeks after Bryshere's birth, Mr. Gray assaulted Defendant Mayberry a second time, according to the book's account. (Id.).

Plaintiff alleges the book's assault accusations are false and that Defendant Ms. Mayberry repeated these false accusations in television appearances during her promotional tour. However, he has never produced any evidence to back up such claims or visual proof or video. Ms. Mayberry has repeatedly stated in Court proceedings that these assault allegations are true. (Mayberry Decl.). And, Ms. Mayberry never references Mr. Gray by name in any way in the book. Both parties have filed Motions for Summary Judgment as has Defendant TMG.

Plaintiff is an inmate at the Wheeler Correctional Facility in Georgia, where he is incarcerated after being "convicted of one count of family violence aggravated assault, two counts of misdemeanor family violence battery (one count as a lesser-included crime to family violence aggravated assault), one count of false imprisonment, and two counts of cruelty to children in the third degree." *Gray v. State*, 347 Ga. App. 235, 235 (2018); (*see also* Defendant Mayberry's Statement of Material Facts ("SMF") at ¶¶ 18-19). The conviction stems from his

2

brutal attack on his wife in 2009, who was seven-months pregnant at the time. *Gray*, 347 Ga. at 235; (*see also* SMF at ¶ 20).  Shortly after the beating, his wife "was taken to the hospital, where she learned that her baby had died and was induced to deliver her stillborn daughter." *Gray*, 347 Ga. at 236; (*see also* SMF at ¶ 20). Plaintiff "confessed that he had committed several of the acts for which he was later indicted, including punching his wife in the face and beating her with a belt." *Gray*, 347 Ga. at 236; (*see also* SMF at ¶ 20).

In 1993, sixteen years before the above attack, Plaintiff also physically attacked Ms. Mayberry. (SMF at ¶ 13.) He first beat Ms. Mayberry while she was 37 weeks pregnant, inducing early labor. (*Id.* at ¶¶ 13, 15.) Plaintiff again beat Ms. Mayberry shortly thereafter, while their premature son was still in the hospital. (*Id.* at ¶ 16.) Ms. Mayberry bears the wounds from those beatings to this day, including a false front tooth to replace the one Plaintiff knocked out. (*Id.* at ¶ 13.)

On April 4, 2017, Ms. Mayberry published the book discussed above that is at the heart of this lawsuit— "Before Empire: Raising Bryshere 'Yazz the Greatest' Gray" (the "Book"). (*Id.* at ¶¶ 7-8, Ex. A.) The Book focuses on the story of raising Ms. Mayberry and Plaintiff's son, Bryshere Gray, and includes a description of her story as a survivor of domestic violence by Plaintiff.  The Book also focuses on her experiences raising Bryshere in light of her relationship with Plaintiff, Bryshere's mental health issues (ADHD), and the mental health history of Plaintiff's family, including Plaintiff's schizophrenia. (*Id.* at ¶ 10.)

In and around the time Ms. Mayberry published the Book, she appeared for an interview for the television talk show "The Real" that aired in April of 2017—which is referenced in the Third Amended Complaint ("TAC"). (*Id.* at ¶ 10.)  Plaintiff's scattered filings have also referenced other media appearances by Plaintiff, and they appear to specifically reference the

following appearances: (1) her March 2015 audience appearance on "The View"; (2) her Blaze 267 Radio appearance in 2016; (3) her January 2017 appearance on the Wendy Williams Show; (4) her appearances on Fox 29 News, which occurred from 2015 through November of 2017, although not during the month of June of 2017. (*See, e.g.*, Doc. no. 21-1 at pp. 2-3; Doc. no. 94; Doc. no. 95; *see also* SMF at ¶¶ 23-28.) Ms. Mayberry did not discuss Plaintiff in any of the above media appearances, nor did she display an image of him. (SMF at ¶¶ 23-29.)

At the time of the above media appearances through the present, Ms. Mayberry has been a resident of Pennsylvania who has no meaningful connection with the State of Georgia. (*Id.* at ¶¶ 33-38.) And most importantly, Ms. Mayberry has not directly sold the Book to anyone in Georgia. (*Id.* at ¶ 34.)

On June 14, 2018, Plaintiff filed this lawsuit asserting claims based on Ms. Mayberry's statements in the Book. (Doc. no. 1-1.) On January 28, 2019, Plaintiff filed his Third Amended Complaint that ostensibly added claims related to alleged (but unspecified) statements on "The Real," "The View," and other undisclosed outlets. (*See* Doc. no. 21-1 at p. 3; *see also* Doc. no. 1-1; Doc. no. 12.) The Third Amended Complaint as stated above specifically asserts claims against Ms. Mayberry for defamation, slander, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NEID"), invasion of privacy, harassment, negligence, and punitive damages. (Doc. no. 21-1 at p 2.) Those claims lack merit.

II. **DISCUSSION.**

    A. **Plaintiff Ronald Gray's defamation claim fails because he did not prove the statute of limitations has not run.**

Case law is clear that in order to meet a standard for defamation, Plaintiff Ronald Gray would have to prove the defamation occurred and it occurred within the one year statute of limitations application to his claims. The elements of a defamation claim are as follows: (1) a

4

false and defamatory statement about the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special damages or defamatory words "injurious on their face." *Chaney v. Harrison & Lynam, LLC*, 308 Ga. App. 808, 811 (2011).

However, Plaintiff has only identified four specific publications by Defendant Mayberry, all of which occurred outside of the one-year statute of limitations. Specifically, Plaintiff Gray filed his claim on June 14, 2018. And, Defendant's Gray alleged defamation happened (1) With her 2016 statements communicating the comment of the Book; (2) the April 2017 publication of the book; 3) Ms. Mayberry's April 2017 appearance on "The Real"; and (4) Ms. Mayberry's March 2015 appearance on "The View" (Doc.no 21 at 2-3). Defendant Mayberry directs this court to O.C.G.A. sect. 9-3-33 which provides that actions "for injuries to the reputation…shall be brought within one year after the right of action accrues." (See also *Carroll City/City. Hosp. Auth. v. Cox Enterprises, 243 Ga. 760 (1979)* (recogniziging that the state of Georgia courts adopted the "single publication rule…that the statute of limitations is to run from the date of initial publication.").

Plaintiff's claims for libel and slander—i.e., defamation— also fail on multiple fronts, including the statute of limitations, the absence of a defamatory statement, truth, Plaintiff's status as a defamation-proof plaintiff as discussed below, and the lack of personal jurisdiction. Accordingly, the Court should dismiss the Plaintiff's Gray motion for summary judgement, particularly on the defamation claim which is the crux of his lawsuit.

    **B. Plaintiff's Ronald Gray's Motion Must Be Denied. Plaintiff Did not Get Leave of Court to Amend.**

Georgia courts have long held that in order to file a federal motion for summary judgment, the Plaintiff must request permission from the Court. Pursuant to the rules of the Court here, Plaintiff would have needed leave of court to amend, and he did not seek such permission. Additionally, he filed the motion for summary judgment on or about March 15th, 2021. This came well before the Court order of March 18, 2021.

### C. Plaintiff is what is known as a libel proof plaintiff. As a result, he cannot claim defamation.

In this instant case, Plaintiff Ronald Gray is a convicted man. He is an inmate at the Wheeler Correctional Facility in Georgia (Doc.no. 21 at 11). He is incarcerated for the conviction of one count of family violence aggravated assault, two counts of misdemeanor family violence battery (one count as a lesser-included crime to family violence aggravated assault), one count of false imprisonment and two of cruelty to child in the third degree. *Gray v. State,* 347 Ga. App. 235, 235 (2018). The conviction arises out of his brutal horrific attack on another women, who was his wife in 2009. She was seven-months pregnant at the time *Id.*

Shortly after being his wife, the victim "was taken to the hospital, where she learned that her baby died and was induced to deliver her stillborn daughter." *Id.* at 236. Plaintiff Mr. Gray would later confess "that he had committed several of the acts for which he was later indicted, including punching his wife in the face and beating her with a belt." *Id.*

And, in 1993, sixteen years before that attack on his wife, Plaintiff also physically attacked Ms. Mayberry (Decl. Mayberry at Para. 4.) Plaintiff, Mr. Gray first beat Ms. Mayberry while she was 37 weeks pregnant, also inducing early labor (*Id.* at Paras. 4, 6.) Plaintiff again beat Ms. Mayberry shortly thereafter, while their premature son was still in the hospital. (*Id.* at Para. 7.) Ms. Mayberry bears the wounds from those beatings to this day, including a false front tooth to replace the one Plaintiff knocked out (*Id.* at Para. 4.)

6

Given the fact that Plaintiff Ronald Gray has been convicted for beating his pregnant wife, who lost their baby, Plaintiff is libel proof. Georgia courts have recognized that because Mr. Gray has a serious criminal record, he cannot maintain an action for defamation. Specifically, Mr. Gray is not in a position, with a conviction to say he suffered "any loss of reputation by an even totally baseless claim against him." *Kennedy v. Se. Newspapers Corp.*, No. 199-2005G, 2000 WL 33174135, at *5 (Ga. State Ct. Sept. 12, 2000). The case holds for the proposition "that which one does not have [namely, a good reputation], one cannot lose or have damaged." *Id. (internal quotation marks omitted).* Thus, before a book or Ms. Mayberry made her staements, Plaintiff had already lost his reputation – particularly with regard to domestic violence against pregnant women. *See Gray v. State,* 347 Ga. App. At 235-36 (describing Plaintiff's criminal record for brutal domestic violence resulting in the death of a fetus). Thus, his Motion for summary judgment and allegations of false light fails as well.

### D. Negligence is subsumed by defamation.

A plaintiff cannot avoid the requirements of a defamation claim—including its statute of limitation—by clothing a claim for defamation as a claim for negligence. *See Lee v. Caterpillar Inc.*, No. 1:11-CV-2130-WSD, 2011 WL 13176333, at *3 (N.D. Ga. Dec. 2, 2011), *aff'd*, 496 F. App'x 914 (11th Cir. 2012). That is, to support an independent claim for negligence, a plaintiff must allege the breach of a duty beyond the duty to refrain from defaming him. *See id.* Here, because there is no evidence that Ms. Mayberry breached a duty that could support a negligence claim—beyond the alleged defamatory conduct—she will be entitled to summary judgment on Plaintiff's negligence claim. (*See* Doc. no. 21-1 at 2-3.)

### E. Plaintiff's Claim for Negligence Is Barred by the One-Year Statute of Limitations.

As discussed above, the statute of limitations for injuries to reputation is one year. O.C.G.A. § 9-3-33. This statute of limitations applies to negligence claims that are seeking damages that stem from reputational harm. *See, e.g.*, *Butler v. Gwinnett Cty., Georgia*, No. 1:15-CV-3289-LMM, 2016 WL 10649204, at *12 (N.D. Ga. June 3, 2016) (applying one-year statute of limitations to defamation claim clothed as simple negligence). Accordingly, Ms. Mayberry will also be entitled to summary judgment on this basis.

### F. Courts require Plaintiff to provide evidence if he files an MSJ. Plaintiff did not include a statement of facts in his prematurely filed MSJ.

There are four elements in a cause of action for defamation, "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm. Smith v. Stewart, 291 Ga.App. 86, 91 (2008). "Truth is a complete defense to libel under Georgia law." Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256 (11th Cir. 2004).

Plaintiff has failed and is unable to prove the first element of defamation. Plaintiff has not provided any evidence or witnesses that prove the alleged defamatory statements are false. [Plaintiff's Complaint] Further, Defendant Mayberry asserts truth as a defense to Plaintiff's claim of defamation. [Defendant Mayberry's Answer] Additionally, per the <u>Smith</u> Court, Plaintiff cannot prove the additional elements. There was no unprivileged communication to a third party and there was no negligence on the part of Defendant Mayberry. As a result, there was no special harm, i.e., the final element of the <u>Smith</u> Court test. Thus, for the foregoing reasons, Plaintiff has not proved all the elements for defamation which means there is an absence of evidence to support Plaintiff's claim for defamation and this court should deny the Plaintiff's

8

motion for summary judgment and award reasonable attorneys' fees to the Defendant Mayberry for the expenses in preparing this response.

### G. Plaintiff Gray cannot claim invasion of privacy as public policy goes against such and Plaintiff Gray's crime is of the matter that the public should know.

Plaintiff does not articulate which facet of the umbrella tort of invasion of privacy he is proceeding under. In an abundance of caution, Ms. Mayberry will show why she is entitled to summary judgment no matter the invasion of privacy claim—whether it is (1) intrusion upon a plaintiff's seclusion or solitude, or into a plaintiff's private affairs; (2) public disclosure of embarrassing private facts; (3) false light; or (4) appropriation of a plaintiff's name or likeness. *Torrance v. Morris Pub. Grp. LLC*, 281 Ga. App. 563, 572 (2006) (listing four types of invasion of privacy claims).

#### 1. Plaintiff's Claim for Intrusion Upon Seclusion or Solitude Fails

The tort of intrusion upon seclusion or solitude requires either a physical intrusion into a plaintiff's seclusion, or a non-physical intrusion, such as eavesdropping or wiretapping. *Anderson v. Mergenhagen*, 283 Ga. App. 546, 550 (2007); *Summers v. Bailey*, 55 F.3d 1564, 1566 (11th Cir. 1995). Here, Plaintiff has not alleged any physical or non-physical intrusion by Ms. Mayberry, (TAC *passim*), (Doc. no. 21-1 *passim*); nor has Ms. Mayberry engaged in such activity, (SMF at ¶¶ 30-32). Accordingly, summary judgment in favor of Ms. Mayberry should be entered on this claim and Plaintiff Mr. Gray's summary judgment motion must be denied.

#### 2. Plaintiff's False Light Claim Fails

Plaintiff's false light claim is barred by the statute of limitations and are subsumed by defamation. First, the "one-year limitation period [from O.C.G.A. § 9–3–33] applies to claims of libel and **'false light' invasion of privacy**." *Torrance*, 281 Ga. App. at 568 (emphasis added). As shown above, Ms. Mayberry's publications were made more than one year before Plaintiff

filed his initial Complaint and/or the Third Amended Complaint. On this basis alone, summary judgment should be granted against Plaintiff on his false light claims.

Second, Plaintiff cannot plead defamation and assert, instead, a false light invasion of privacy claim for statements that are allegedly defamatory. "In order to survive a separate cause of action, a false light claim must allege a nondefamatory statement. If the statements alleged are defamatory, the claim would be for defamation only, not false light invasion of privacy." *Bollea v. World Championship Wrestling, Inc.*, 271 Ga. App. 555, 557 (2005) (affirming summary judgment to defendant); *Smith v. Stewart*, 291 Ga. App. 86, 100-01 (2008) ("If the statements alleged are defamatory, the claim would be for defamation only, not false light invasion of privacy."); *Dougherty v. Harvey*, 317 F. Supp. 3d 1287, 1292-93 (N.D. Ga. 2018) (same principal of law and granting summary judgment to defendant on false light claim). Here, Plaintiff is explicitly pursuing Ms. Mayberry's statements about him as claims for defamation, thus his false light claim fails. (*See, e.g.*, Doc. no. 21-1 (describing as defamatory accusations of violent attacks, premature births, and schizophrenia).) Accordingly, the Court should deny Plaintiff's summary judgment motion.

### 3. Plaintiff's Claim for Appropriation of Name or Likeness Fails

Plaintiff's claim for appropriation of name or likeness fails, as he cannot show that Ms. Mayberry used either his name or likeness, and the statements were a matter of public interest.

First, the Supreme Court of Georgia holds that an appropriation of name or likeness claim "consists of the following elements: '[1] the appropriation of another's name and likeness, whether such likeness be a photograph or [other reproduction of the person's likeness], [2] without consent [, and] [3] for the financial gain of the appropriator.'" *Bullard v. MRA Holding, LLC*, 292 Ga. 748, 752 (2013) (quoting *Martin Luther King, Jr., Ctr. for Soc. Change, Inc. v.*

*Am. Heritage Products, Inc.*, 250 Ga. 135, 143 (1982)). That is, a plaintiff must show both that his name was used **and** that he was visually depicted. *Id.*; *see also Pavesich v. New England Life Ins. Co.*, 122 Ga. 190 (1905) (describing "likeness" as visual depiction). Here, Ms. Mayberry neither used Plaintiff's name nor did she visually depict him. (SMF at ¶¶ 11-12, 23-29).

Second, "[t]he Supreme Court of Georgia has held that 'where an incident is a matter of public interest, or the subject matter of a public investigation, a publication in connection therewith can be a violation of no one's legal right of privacy.'" *Toffoloni v. LFP Publ'g Grp., LLC,* 572 F.3d 1201, 1208 (11th Cir. 2009) (quoting *Waters v. Fleetwood,* 212 Ga. 161, 167 (1956)). As discussed above, Ms. Mayberry's statements about domestic violence and mental health are matters of public interest, and therefore cannot form the basis of a claim appropriation of name or likeness.

## H. The Court Does Not Have Personal Jurisdiction for Plaintiff's Defamation Claim

The Court does not have personal jurisdiction over Ms. Mayberry for Plaintiff's defamation claims because Georgia's longarm statute is limited for defamation claims. At all times relevant to this case—i.e., from 2015 to the present—Plaintiff has resided in Pennsylvania. (SMF at ¶ 33.) The longarm statute only provides for jurisdiction over a nonresident:

> if in person or through an agent, he or she:
>
> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(4) Owns, uses, or possesses any real property situated within this state . . .

O.C.G.A. § 9-10-91.

As the Magistrate Court recognized, the second prong of Georgia's longarm statute specifically carves out defamation. (Doc. no. 105 at 5 (discussing O.C.G.A. § 9-10-91(2).) And the Plaintiff cannot show that the three other relevant prongs of the longarm statute have been met her, while Ms. Mayberry demonstrates they have not.

From 2015 to the present, Defendant has not transacted business within Georgia—regularly or otherwise—nor has she regularly solicited business in the state. (SMF at ¶¶ 34-37); *see* O.C.G.A. § 9-10-91(1), (3). Indeed, neither she nor the publisher themselves sold the Book to a buyer in Georgia—whether directly to a reader or to a wholesaler. (SMF at ¶ 34; Doc. no. 81-3 ¶ 27.) And from 2015 to the present, Defendant has not engaged in any persistent course of conduct, derived substantial revenue from goods used or consumed or services rendered in Georgia; or owned, used, or possessed any real property situated within Georgia. (SMF at ¶¶ 37-38); *see* O.C.G.A. § 9-10-91, (3)-(4). Because there can be no dispute as to Ms. Mayberry's *de minimis* ties to the state of Georgia, she is entitled to summary judgment on Plaintiff's defamation claims for lack of personal jurisdiction. And, the Plaintiff's summary judgment motion should be denied.

## **CONCLUSION**

As the Magistrate Court recognized, Georgia's long-arm jurisdictional statute O.C.G.A. § 9-10-91 carves out defamation from the simple rule providing jurisdiction over a nonresident who commits a tort in the state. (Doc. no. 105 at 5 (discussing O.C.G.A. § 9-10-91(2).) The remaining disjunctive jurisdictional requirements are not met here because at all relevant times, Plaintiff neither: transacted business in Georgia; regularly did or solicited business, or engaged

in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in Georgia; nor owned, used, or possessed any real property situated within Georgia. (*See* Decl. Mayberry at ¶¶ 11-16); *see* O.C.G.A. § 9-10-91(1), (3)-(4). Thus, Ms. Mayberry would be entitled to summary judgment, as she has filed separately, on Plaintiff's defamation claim for lack of personal jurisdiction.

Conversely, in order to urge this Court to grant a motion for summary judgment, Plaintiff Gray essentially alleges there is no genuine issue of material fact in dispute as to Plaintiff's defamation claim. Our client, Defendant Mayberry has offered a prior affidavit and relies on truth as a defense to any allegation of libelous statements. Plaintiff provides no facts or evidence support his claim of damages done to him as he has been convicted since 2009 for violent acts.

Further, our client Mayberry contends, and can show, that Plaintiff's statements and entire basis of his pleading are false and a sole calculation to shake down Defendant for funds due to the success of their mutual child. (The parties have a son who is a television star on the hit tv show "Empire".)

Defendant's factual statement about how she was treated by the Plaintiff, Mr. Gray, do not amount to libel per se, as she has been accused of. In fact, the very fact that Plaintiff is in jail for violent offenses supports the truth of the statement, if ever, made about him under the truth doctrine. Moreover, our client never names him by name in her book; she merely shared the domestic abuse she has been through as a woman.

Further, Plaintiff Gray filed his motion without a separate statement of theory of recovery and facts not in dispute, which is required under the federal rules when filing a motion for summary judgment. Courts have discretion to deny a motion for summary judgment for failing to

include a separate theory of recovery and undisputed material facts. Due to this omission, Defendant requests that this Court deny Plaintiff's motion.

The pleadings, evidence, and discovery responses show that Plaintiff filed his motion for summary judgment, and other documents, including a letter requesting $75,000 recently, in bad faith. Plaintiff's MSJ was filed solely to increase Mayberry's cost of litigation, and based on longstanding case law, this Court shall order Plaintiff to pay Defendant's reasonable expenses. Defendant's expenses include reasonable attorney's fees to prepare this response and any corresponding filing fees.

For the reasons set forth above, Defendant prays that Plaintiff's motion for summary judgment be denied. Defendant further prays that judgment be entered in favor of Defendant and against Plaintiff Mr. Gray for all costs Defendant Ms. Mayberry has incurred responding to Plaintiff's MSJ, including necessary expenses, expenses of litigation, Court costs, and such further relief as this Court may deem equitable and just under the circumstances.

Respectfully submitted this 6th day of May, 2021.

**James L. Walker, Jr.**

The Walker Building
3421 Main Street
Atlanta, Georgia 30337
Tel: (770) 847-7363

*/s/ James L. Walker, Jr.*
James L. Walker, Jr.
Georgia Bar No. 260643

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that I served all parties to this action with a copy of the within and foregoing by electronically filing the same through the Superior Court of Fulton County's eFileGA electronic filing system, which will automatically send e-mail notification of such filing to all attorneys of record in this matter:

Ronald B. Gray
GDC 001702913
Wheeler Correctional Facility
PO Box 466
Alamo, Georgia 30411

Mya Kay Douglas
7403 Penrose Avenue
Elkins Park, PA 19027

John Batson
P.O. Box 3248
Augusta, GA 30914-3248

This 6th day of May, 2021

**James L. Walker, Jr.**

/s/ *James L. Walker, Jr.*
James L. Walker, Jr.
Georgia Bar No. 260643

The Walker Building
3421 Main Street
Atlanta, Georgia 30337
Tel: (770) 847-7363
jjwalker@walkerandassoc.com
*Counsel For Defendant*