IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RONALD B. GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 318-045 |
| | ) |
| ANDRIA MAYBERRY | ) |
| and THE TMG FIRM, LLC, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this defamation action. The Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for summary judgment be **DENIED**, (doc. no. 109), Defendant Andria Mayberry's motion for summary judgment be **GRANTED** in so far as dismissing Plaintiff's claims against Defendant Mayberry for lack of personal jurisdiction, (doc. no. 113), Defendant The TMG FIRM, LLC's ("TMG") motion for summary judgment be **GRANTED**, (doc. no. 117), a final judgment be **ENTERED** in favor of Defendants Mayberry and TMG, and this civil action be **CLOSED**.

**I.     PROCEDURAL BACKGROUND**

On February 5, 2019, the Court screened Plaintiff's third amended complaint and allowed to proceed Plaintiff's claims under Georgia law against Defendants TMG, Andria Mayberry, and Mya Kay Douglas for negligence, defamation by libel, and invasion of

privacy by public disclosure of embarrassing facts.  (Doc. no. 25.)  The Court later dismissed Ms. Douglas as a party for failure to timely effect service.  (Doc. no. 56.)  On March 18, 2021, the Court granted summary judgment in favor of TMG on Plaintiff's invasion of privacy claim and directed the parties to resubmit summary judgment motions on all other matters.

Because Plaintiff did not cite the record in his statement of undisputed material facts, the Court deems admitted all portions of Defendants' statements having evidentiary support in, and not otherwise contradicted by, the record and which are not properly opposed by Plaintiff as contemplated under Federal Rule of Civil Procedure 56.[1]  See Loc. R. 56.1; Fed. R. Civ. P. 56(e); see also Williams v. Slack, 438 F. App'x 848, 849-50 (11th Cir. 2011) (*per curiam*) (finding no error in deeming defendants' material facts admitted where *pro se* prisoner failed to respond with specific citations to evidence and otherwise failed to state valid objections); Scoggins v. Arrow Trucking Co., 92 F. Supp. 2d 1372, 1373 n.1 (S.D. Ga. Jan. 21, 2000) (same).  Defendants continue to shoulder the burden of demonstrating the absence of any genuine issue of material fact, and the Court will review the entire record "to determine if there is, indeed, no genuine issue of material fact."  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009).

## II. FACTUAL BACKGROUND

This action arises out of the book "Before Empire: Raising Bryshere 'Yazz the Greatest' Gray," the life story of Ms. Mayberry as told by her and co-author Ms. Kay

---

[1] Federal Rule of Civil Procedure 56 requires a party disputing a fact to cite "to particular parts of materials in the record," and an affidavit or declaration used to oppose a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(1) & (4).

Douglas.  (Doc. no. 63-2, ¶ 12; doc. no. 113-2, ¶ 1.)  TMG edited the book for formatting and grammar and published it.  (Doc. 63-2, ¶ 8.)  TMG did not pay for, provide space for, supervise, direct, or control the writing of the book.  (Id. ¶¶ 6-7, 17, 19, 21-22, 24.)  In line with TMG policy, Mses. Douglas and Mayberry were solely responsible for the truth and accuracy of the book.  (Id. ¶ 9.)  The authors were not employees of TMG and did not consider themselves to be employees.  (Id. ¶ 16; doc. no. 81-2, ¶ 2.)

In the book, Ms. Mayberry accuses Plaintiff, who is Bryshere's father, of physically assaulting her in 1993 when she was nine months pregnant with Bryshere, knocking out a front tooth and inducing premature labor.  (Doc. no. 113-2, ¶¶ 8, 10-11.)  A second assault allegedly occurred two weeks after Bryshere's birth when the relationship between Ms. Mayberry and Plaintiff ended.  (Id. ¶ 11.)  The book also discusses Bryshere's mental health, the mental health history of his family, and Plaintiff's alleged schizophrenia.  (Id. ¶¶ 4, 12.)  The book never mentions Plaintiff by name, but no one disputes Plaintiff is Bryshere's father, and Defendants concede Plaintiff is identifiable as the father in the book.  (Doc. no. 95-1, p. 2; doc. no. 113-2, ¶ 5.)  Ms. Mayberry declares the assault and mental health allegations are true.  (Doc. no. 113-2, ¶¶ 8, 10-11.)  Plaintiff alleges the assault and mental health allegations are false.  (Doc. no. 109, pp. 2-3.)

TMG is a limited liability company located in New York that first published the book in hard copy on April 4, 2017.  (Doc. no. 63-2, ¶¶ 3, 27.)  The book was printed by a Tennessee printer.  (Id. ¶ 22.)  TMG shipped copies of the book to Mses. Mayberry and Douglas in Philadelphia, Pennsylvania.  (Id.)   Ms. Mayberry is a resident of Pennsylvania.  (Doc. no. 113-2, ¶ 20.)  Ms. Mayberry sold the book hand to hand in the Philadelphia area.  (Doc. no. 63-2, ¶ 25; doc. no. 81-2, ¶ 24; doc. no. 113-2, ¶¶ 20-24.)  Amazon acted as a

3

vendor and reseller of the book. (Doc. no. 63-2, ¶¶ 25-26.) As such, Amazon purchased copies of the book from TMG, solicited orders through its website, and resold and shipped the book to buyers without further interaction with TMG. (Id.) TMG maintained no knowledge concerning who or where Amazon shipped the books. (Id. ¶ 26.) TMG never directly shipped or sold any books in the state of Georgia. (Doc. no. 63-2, ¶ 23.) From March 2015 until November 2017, Ms. Mayberry appeared on several television shows and radio programs recorded outside the state of Georgia, and she last spoke publicly of the book in an April 2017 interview on "The Real." (Doc. no. 113-2, ¶¶ 13-19.) Plaintiff first received the book in February 2018, and the assault allegations caused him to suffer mental health problems and undergo therapy. (Doc. no. 94, p. 2; doc. no. 95, p. 1; doc. no. 78-2.)

### III. DISCUSSION

Ms. Mayberry seeks summary judgment on all three claims remaining against her for negligence, defamation by libel, and invasion of privacy by public disclosure of embarrassing facts. She argues there is no personal jurisdiction, the statute of limitations bars Plaintiff's defamation and negligence claims, and all claims fail on the merits. TMG seeks summary judgment on the two remaining claims against it for defamation and negligence, arguing there is no personal jurisdiction, the claims are time-barred, and the claims fail on the merits. TMG waived its personal jurisdiction defense. However, summary judgment for both Defendants should be granted because the Court has no personal jurisdiction over Ms. Mayberry, and the claims against TMG are time-barred.

**A. Summary Judgment Standard**

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P.

4

56(a).  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party."  United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*).  On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  Id. at 608.  The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint.  Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).  Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56.  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoting Adickes, 398 U.S. at 158-59).  A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id. at 248.

### B. While TMG Waived Its Personal Jurisdiction Defense, Ms. Mayberry Preserved Hers, and the Court Has No Personal Jurisdiction Over Her

#### 1. TMG Waived its Defense

As the Court previously explained, in its February 22, 2021 Report and Recommendation, TMG waived its personal jurisdiction defense by failing to assert it in the answer. (Doc. no. 105.) "Federal Rule of Civil Procedure 12(h) states unequivocally that a claim based on a 'lack of jurisdiction over the person . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment therefore permitted by Rule 15(a) . . . .'" Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1365 (11th Cir. 2006) (quoting Fed. R. Civ. P. 12(h)); see also Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir. 2004) (explaining defendant waives defense if not asserted in responsive pleading or motion to dismiss); Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1213, n.4 (11th Cir. 1999) (same).

TMG contends personal jurisdiction is a non-waivable defense of subject matter jurisdiction in Georgia defamation actions because the Georgia Long Arm Statute excludes defamation actions from the scope of personal jurisdiction conferred by O.C.G.A. § 9-10-91(2). This subsection confers personal jurisdiction in Georgia over a defendant who "commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act." Defamation actions are not excluded from the scope of the remaining subsections of § 9-10-91. See Bradlee Management Services, Inc. v. Cassells, 292 S.E.2d 717, 720 (Ga. 1982) (holding exclusion of defamation claims does not apply to other long arm statute subsections).

6

In support of its argument, TMG cites Georgia cases for the obvious and irrelevant proposition that § 9-10-91(2) "is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation." Worthy v. Eller, 594 S.E.2d 699, 700 (Ga. App. 2004).  The mere exception of defamation actions from § 9-10-91(2) does not transform a waivable personal jurisdiction defense into a non-waivable subject matter jurisdiction defense.  TMG never cites any authority for such a transformation, and the Court can find none.

TMG alternately argues a due process violation will occur if the Court enforces the requirement of timely asserting the personal jurisdiction defense under Fed. R. Civ. P. 12(h) because Plaintiff failed to establish a *prima facie* case of personal jurisdiction in the complaint, in violation of Fed. R. Civ. P. 8(a)(1).  No case so holds.  In addition, the argument overlooks several important considerations.  First, the Court must afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  Second, a court's screening of the complaint does not alleviate a defendant's burden to conduct an independent review and timely assert all defenses under Fed. R. Civ. P. 12. Palmer, 376 F.3d at 1259; see also Blabin v. Concepcion, 411 F. Supp. 3d. 1340, 1355 (S.D. Fla. Sept. 26, 2019) (finding court's screening of complaint did not preclude filing of motion to dismiss concerning claims allowed past screening.)  If TMG believed the complaint failed to allege a basis for jurisdiction, it should have pleaded so in its answer or simultaneously moved to dismiss.

### 2. Ms. Mayberry Preserved Her Jurisdictional Defense

Turning to Ms. Mayberry, she timely asserted the jurisdictional defense in her answer, and there is no credible argument she waived the defense by substantially participating in the litigation without actively pursuing dismissal. Matthews v. Brookstone Stores, Inc., 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006); see also Rates Tech. Inc. v. Nortel Networks Corp., 399 F.3d 1302, 1309 (Fed. Cir. 2005) (explaining "a party may consent to personal jurisdiction by extensively participating in the litigation without timely seeking dismissal"); see also PaineWebber Inc. v. Chase Manhattan Private Bank (Switz.), 260 F.3d 453, 459 (5th Cir. 2001) (stating "parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections"); Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 60 (2d Cir. 1999) (finding "delay in challenging personal jurisdiction by motion to dismiss may result in waiver, even where . . . the defense was asserted in a timely answer") (citations omitted); Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990) (finding defendant waived jurisdictional defense by failing to "comply with the spirit of the rule, which is 'to expedite and simplify proceedings in the Federal Courts.'") (citations omitted).

Courts determine waiver by considering the passage of time between the answer and the motion seeking dismissal and the extent of the defendant's involvement in the litigation during the interim. Salinero v. Johnson & Johnson, Inc., Case No. 18-CIV-23643-RAR, 2019 WL 2410076, at *2 (S.D. Fla. June 6, 2019). Ms. Mayberry first moved for summary judgment on September 16, 2020, only five months after filing her answer, and during the interim her activity was minimal, with her attorney merely moving to appear *pro hac vice* and filing a court-ordered response to Plaintiff's motion to compel. (See doc. no. 76; doc. no. 84.)

Her five-month delay and minimal litigation activity provide no basis for finding waiver of the personal jurisdiction defense. See Island Stone Int'l Ltd. v. Island Stone India Private Ltd., Case No. 616-CV-656-ORL-40KRS, 2017 WL 1437464, at *n.4 (M.D. Fla. Apr. 4, 2017) (finding no waiver despite seven-month gap before motion to dismiss, and engagement in litigation resulted from court motions); Opus Group, LLC., v. Enomatic Srl, Case No. 11-23803-CIV-UNGARO, 2012 WL 13134609, at *9 (S.D. Fla. 2012) (finding no waiver by defendant in noticing single deposition and moving for Rule 11 sanctions); In re Trasylol Products Liability Litigation, Case No. 08-CV-81212 2011 WL 5529934, at *3 (S.D. Fla. July 21, 2011) (declining to find waiver despite gap exceeding two years, noting lack of extensive discovery or motions practice); Matthews, 431 F. Supp. 2d at 1225-26 (finding five-month delay and filing of only court required documents did not amount to waiver).

### 3. The Court Lacks Personal Jurisdiction Over Ms. Mayberry

#### a. Analytical Framework

"In resolving a motion for summary judgment based upon lack of personal jurisdiction, the court is required to accept as true the allegations of plaintiff's complaint, and deny the motion if these allegations state a prima facie case of jurisdiction." Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc., 207 F.3d 1351, 1356 (11th Cir. 2000) (citing Bracewell v. Nicholson Air Services, Inc., 748 F.2d 199, 1504 (11th Cir. 1984)). The plaintiff establishes a *prima facie* case by presenting "enough evidence to withstand a motion for directed verdict." Madera v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). A party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons

9

in the exercise of impartial judgment might reach different conclusions." Walker v. Nations Bank of Fla., 53 F.3d 1548, 1554 (11th Cir. 1995).

In assessing the allegations and evidence at a motion for summary judgment for lack of personal jurisdiction, "if there is conflict between the plaintiff's and the defendant's allegations or in the evidence, the plaintiff's evidence is to be believed and all reasonable inferences must be drawn in his favor." Ruiz de Molina, 207 F.3d at 1356. Thus, the facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990). If the defendant submits affidavits challenging the allegations in the complaint, however, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010). If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. Id.

### b. The Georgia Long Arm Statute Does Not Confer Jurisdiction Over Ms. Mayberry

To determine whether a nonresident defendant, such as Ms. Mayberry, is subject to personal jurisdiction in Georgia, the Court must perform a two-part analysis. Diamond Crystal Brands, Inc., 593 F.3d at 1257. "First, the Court must decide whether the exercise of personal jurisdiction is proper under Georgia's long-arm statute. Next, the Court must determine whether there are sufficient 'minimum contacts' with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment." Thomas v. Strange Eng'g, Inc., CV No. 111-074, 2012 WL, 993244 at *3 (S.D. Ga. Mar. 22, 2017) (citing Diamond Crystal Brands,

Inc., 593 F.3d at 1257-58; Int'l Shoe Co. v. Washington Office of Unemployment Comp. & Placement, 326 U.S. 310, (1945)).

This two-part inquiry is necessary because "the Georgia long-arm statute does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process," but instead "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." Diamond Crystal Brands, Inc., 593 F.3d at 1259. "[C]ourts must apply the specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." Id. at 1263.

Georgia's long-arm statute reaches only those nonresidents whose conduct brings them within one or more of the six subsections within O.C.G.A. § 9-10-91. Two of the six cover domestic disputes, leaving here the possibility for jurisdiction only if Ms. Mayberry:

> (1) Transacts any business within this state;
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (4) Owns, uses, or possesses any real property situated within this state;
> . . . .

O.C.G.A. § 9-10-91(1)-(4). None of these subsections apply to the defamation claim.

*i. Subsection (1) does not confer jurisdiction.* Subsection (1) confers jurisdiction if (1) Ms. Mayberry has purposefully committed an act or consummated a transaction in the state; (2) the cause of action arises from or relates to the act or transaction; and (3) exercising

jurisdiction does not offend traditional notions of fairness and substantial justice. Amerireach.com, LLC v. Walker, 719 S.E.2d 489, 496 (Ga. 2011) (citation omitted).  The first two elements determine whether "a defendant has established the minimum contacts with the forum state necessary for the exercise of jurisdiction," and, if such minimum contacts exist, the third element determines whether the exercise of jurisdiction "does not result solely from random, fortuitous or attenuated contacts."  Paxton v. Citizens Bank & Trust of W. Ga., 704 S.E.2d 215, 219 (Ga. App. 2010) (citation omitted).

The analysis is not limited to physical presence in Georgia but also "'allows the assertion of long-arm jurisdiction over nonresidents based on business conducted through . . . Internet contacts.'"  Id. (quoting ATCO Sign & Lighting Co., LLC v. Stamm Mfg., 680 S.E.2d 571, 576 (Ga. Ct. App. 2009)).  Indeed, transacting business in Georgia by mail, telephone, or the internet will suffice.  Diamond Crystal Brands, Inc., 593 F.3d at 1264.  Thus, the Court must determine whether Ms. Mayberry engaged in conduct directed at Georgia that could "fairly be said" to constitute transacting any business in Georgia.  Id.; see id. n.18 ("'transact' means to 'prosecute negotiations,' to 'carry on business,' 'to carry out,' or 'to carry on'") (quoting Webster's Third New Int'l Dictionary 2425 (1993)).

Plaintiff contends Ms. Mayberry transacted business within Georgia through sale of her book "online, in stores, and through Amazon," but provides no evidence of any sales made in Georgia.  (Doc. no. 92-1, p. 3.)  Ms. Mayberry declares she has only personally sold the book in hand-to-hand transactions in the Philadelphia area and has never made a personal sale in the state of Georgia.  (See doc. no. 81-2, pp. 3-4; doc. no. 113-2, ¶ 21.)  While Amazon sold the book, it purchased copies from TMG, solicited orders through its website, and both sold and shipped the book directly to Amazon customers.  (Doc. no. 63-2, ¶¶ 25-

26.) Neither Ms. Mayberry nor TMG knew where or to whom Amazon sold and shipped books. (Id. ¶ 26.) (See doc. no. 81-2, pp. 3-4; doc. no. 113-2, ¶ 22.)

There is no evidence in the record that any Georgia residents purchased and received delivery of the book through Amazon. Assuming *arguendo* such purchases and deliveries occurred, Ms. Mayberry did not transact any business in Georgia because she never personally sold or delivered books to Georgia, and she was neither involved in nor knew about any Georgia sales and deliveries by Amazon. While Georgia courts have not considered the reach of subsection (1) in the context of Amazon sales, the Northern District of Georgia has done so on several occasions, and those decisions confirm there is no jurisdiction over Ms. Mayberry.

In Factory Direct Wholesale, LLC v. Giantex, Inc., No. 1:17-cv-341-WSD, 2018 WL 732570 (N.D. Ga. Feb. 5, 2018), the court held the exercise of jurisdiction was proper under subsection (1) because the defendant accepted orders through Amazon.com and other third-party websites, and it fulfilled those orders by directly shipping products to customers in Georgia. Id. at *4. Contrastingly, in Empirical Regent, LLC v. Sunny Design and Business Consulting, LLC, No. 1:19-cv-3253-MHC, 2020 WL 4557564 (N.D. Ga. Feb. 25, 2020), the court declined to exercise jurisdiction because the defendant shipped its products to Amazon fulfillment centers and paid Amazon to store the products, accept and deliver orders, process payment, provide customer service, and accept returns. Id. at *2. Although Amazon remitted payment to the defendant for each order, the defendant had no knowledge or control over where Amazon shipped the orders. Id. at *6.

Ms. Mayberry's contacts with Georgia are far less than the defendants in Giantex and Sunny Design. Unlike the defendant in Giantex, Ms. Mayberry did not accept orders placed

13

on Amazon and ship books directly to Amazon customers. Unlike the defendant in Sunny Design, Ms. Mayberry did not contract with Amazon to market, sell, and deliver the books on her behalf. Instead, Amazon purchased copies of the book from TMG and, without any involvement by TMG or Ms. Mayberry, marketed and sold the books online to customers who may or may not have included Georgia residents. Under these facts, even when liberally construed in Plaintiff's favor, it cannot be said Ms. Mayberry purposefully committed an act or consummated a transaction in the state of Georgia.

*ii. Subsection (2) does not confer jurisdiction.* Despite the express exclusion of defamation claims from subsection (2), the Court must still consider whether there is jurisdiction under this subsection because Plaintiff also asserts a claim for invasion of privacy. See Mays v. Laurant Publ'g, Ltd., 600 F.Supp. 29, 30 (N.D. Ga. 1984) (finding jurisdiction under subsection (2) for entire case despite defamation claim because plaintiff also asserted privacy claim). Ms. Mayberry did not commit a tortious act or omission within the state of Georgia because it is undisputed the book was not published in Georgia. See Marsalis v. STM Reader, LLC, 806 F. App'x 748, 751 (11th Cir. 2020) (citing Huggins v. Boyd, 697 S.E.2d 253, 255 (Ga. App. 2010)) (finding no personal jurisdiction in Georgia for newspaper published in Chicago because tort is committed at place of publication).

Nor did Ms. Mayberry commit a tortious act within Georgia by appearing on television shows recorded outside of Georgia that were transmitted to televisions and other devices within Georgia. Georgia courts have consistently held that, when technology transmits into Georgia a communication initiated outside of Georgia, the tortious act occurs only at the place where the communication initiated. See LABMD, Inc. v. Tiversa, Inc., 509 Fed. App'x 842, 844 (11th Cir. 2013) (explaining longstanding Georgia rule that, for

purposes of subsection (2), tortious act occurs at place communication originates when "technology causes the transmission of information along the telephone or electronic lines between and out-of-state defendant and a Georgia resident.").

*iii. Subsections (3) and (4) do not confer jurisdiction.* Little discussion is necessary to eliminate subsections (3) and (4). Subsection (3) does not confer jurisdiction because it is undisputed Ms. Mayberry has never engaged in a regular or persistent course of conduct in Georgia, or derived substantial revenue from goods used or services rendered in the state. Subsection (4) does not apply because Ms. Mayberry does not own, use, or possess any real property within the state. (See doc. no. 113-2, ¶ 25.)

For all of these reasons, the Court finds no basis for exercising jurisdiction over Ms. Mayberry pursuant to Georgia's long arm statute.[2] Because jurisdiction is lacking, the Court will not evaluate the merits of Plaintiff's claims against Ms. Mayberry and will, instead, grant summary judgment to Ms. Mayberry based solely on her jurisdictional defense. Madara, 916 F.2d at 1514.

### C. TMG Is Entitled to Summary Judgment Because Plaintiff's Defamation and Negligence Claims are Time-Barred

O.C.G.A. § 51-5-2 provides a one-year limitations period for defamation claims. Likewise, there is a one-year statute of limitations for negligence claims alleging injury to reputation. O.C.G.A. § 9-3-33; see also Butler v. Gwinnett Cnty., Georgia, No. 1:15- CV-

---

[2] Additionally, while the parties failed to brief the second part of the jurisdictional analysis, the Court finds Ms. Mayberry has no sufficient "minimum contacts" with Georgia to satisfy the Due Process Clause of the Fourteenth Amendment. See Thomas, 2012 WL 993244 at *3. Other than Plaintiff currently residing in Georgia, Plaintiff fails to establish any meaningful connection of Ms. Mayberry to any person, business, or property in Georgia. (See doc. no. 113-2, ¶¶ 21-25.) Even as to Plaintiff, Ms. Mayberry has not been in his vicinity since "well before" his 2012 incarceration and residence in Georgia. (See id. at ¶ 26.) Thus, Plaintiff fails to demonstrate any "minimum contacts" of Ms. Mayberry with Georgia.

15

3289-LMM, 2016 WL 10649204, at *12 (N.D. Ga. June 3, 2016) (applying one-year statute of limitations to negligence claim arising out of defamation); McCandliss v. Cox Enters., Inc., 593 S.E.2d 856, 859 (Ga. App. 2004), *overruled on other grounds by* Infinite Energy, Inc. v. Pardue, 713 S.E.2d 456 (Ga. App. 2011); Carroll City/Cty. Hosp. Auth. v. Cox Enters., 256 S.E.2d 443, 445 (Ga. 1979).  It is undisputed Defendant TMG published the only edition of the book in hard copy on April 4, 2017 and immediately made it available for sale.  (Doc. no. 63-2, ¶¶ 3, 27; doc. no. 113-1, ¶ 8; doc. no. 113-2, ¶ 2.)  Plaintiff first received the book in February 2018, and he signed the initial complaint more than one year after the book's publication on May 31, 2018.  (Doc. nos. 1-1, p. 7; no. 94, p. 2; doc. no. 95, p. 1.)

Under Georgia law the statute of limitations on "libel begins to run from the date of initial publication of the magazine or newspaper. . . ." Glanville v. Glanville, 1993 WL 256605, at *3 (N.D. Ga. Mar. 5, 1993) (citing Cox v. Gilbreath, 142 Ga. App. 297); Carroll City/County Hospital Authority, 243 Ga. at 760.  Plaintiff argues his defamation and negligence claims accrued when he received the book, but the date of publication is the date of accrual and not the date a plaintiff first learns of the publication.  See Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1153 (11th Cir. 2011) (applying Georgia defamation law and explaining "a claim for libel arises when the defamatory statement is published.") (citations omitted); see also Torrance v. Morris Publ'g Group, 636 S.E.2d 740, 743 (2006) (applying date of communication as accrual date for statute of limitations regardless of plaintiff's knowledge.)  Accordingly, Plaintiff's defamation and negligence claims should be dismissed.

### D. Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment should be denied for two reasons. First,

Plaintiff provides no legal arguments nor points to any evidence to support his claims such that a jury would find for him. Instead, Plaintiff merely recites the relief he seeks, his conclusory statements, and general case law. (Doc. no. 109.) Plaintiff must show "on all the essential elements of [his] case . . . , no reasonable jury could find for" TMG. Four Parcels of Real Prop., 941 F.2d at 1438. Plaintiff has failed to make such a showing. Second, as explained above, TMG and Ms. Mayberry are entitled to summary judgment, which by necessity means Plaintiff's summary judgment motion on the same claims should be denied.

### IV.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for summary judgment be **DENIED**, (doc. no. 109), Defendant Andria Mayberry's motion for summary judgment be **GRANTED** in so far as dismissing Plaintiff's claims against Defendant Mayberry for lack of personal jurisdiction, (doc. no. 113), Defendant TMG's motion for summary judgment be **GRANTED**, (doc. no. 117), a final judgment be **ENTERED** in favor of Defendants Mayberry and TMG, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of November, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA